**Karen CHRISTY, Plaintiff–Appellant,**

v.

**James R. RANDLETT, et al.,**
**Defendants–Appellees.**

**No. 88–2170.**

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 13, 1990.

Decided May 3, 1991.

Karen Christy, pro se.

Janice G. Hildenbrand, Ulanoff, Ross & Wesley, Southfield, Mich., Matthew A. Seward, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, Mich., Walter A. Jakubowski, Jr., City Atty's Office, Warren, Mich., for defendants-appellees.

Before RYAN and NORRIS, Circuit Judges, and WILHOIT, District Judge.[*]

RYAN, Circuit Judge.

This appeal presents the question whether the district court erred in finding that the plaintiff failed to prove, in a 42 U.S.C. § 1983 action, that a municipal supervisory employee violated plaintiff's First Amendment rights in refusing to issue a building permit. We hold that the district court properly concluded that the plaintiff's First Amendment rights were not abridged because the denial of the requested building permit was based upon the enforcement of a constitutionally valid zoning ordinance. We shall, therefore, affirm.

## I.

In 1980, Karen Christy began renovation of a building located at 5583 East Eight Mile Road in Warren, Michigan, allegedly for use as a women's lingerie and videotape store. Her efforts to renovate the building were inhibited by her inability to obtain construction permits from the City of Warren. A complete account of the facts regarding attempts by Christy's construction supervisor to obtain building permits for the building may be found in the district court's opinion. *See Christy v. Servitto*, 699 F.Supp. 618, 619–45 (E.D.Mich.1988). One reason for the delay in issuing the required permits was the city's concern that Christy was actually planning to open an adult entertainment business, in violation of section 14.02 of the Warren Zoning Ordinance. Section 14.02 regulates the so-called adult businesses that are located within 500 feet of a residential area.

George O. Bruggeman, Superintendent of the Division of Buildings and Safety Engineering for the City of Warren's Department of Public Service, testified that he delayed issuing any permits for the building renovation because he believed Christy was attempting to secretly establish an adult bookstore. His suspicion was based on the following: (1) the involvement of Lippman and Whitman in the project, who had a history of misrepresenting the true character of adult businesses at other addresses in the City of Warren; (2) Lippman's statement to the land contract vendor of the premises that the store was to be used for auto part sales; (3) the involvement of attorney William Swor who was known to have represented/owned other adult businesses; (4) the misrepresentation of the owner's identity on the building permit application; and (5) concern that the upstairs for which no permit was sought would be used for still another type of adult business. Bruggeman also based his belief on: (1) his familiarity with the practices of adult business entrepreneurs in the area; (2) the similarities between the proposed interior layout at the building site and the designs of other adult establishments in the area; (3) the construction of a stage and what appeared to be a ticket booth; (4) the location of electrical outlets that were consistent with the installation of peep shows; and (5) Christy's evasiveness during Bruggeman's attempt to learn her intended use of the building.

---

[*] The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation.

Christy was ultimately granted the necessary building permits on July 20, 1981. On December 8, 1983, Christy sued the City of Warren and several city employees, including Bruggeman, for damages under 42 U.S.C. § 1983. She alleged that Bruggeman's refusal to issue the necessary building permits from November 17, 1980, to July 20, 1981, violated her free speech rights guaranteed by the First Amendment. Essentially, Christy contended that the City of Warren placed unbridled discretion in the hands of a government official or agency to decide whether to issue the permits, a practice which denied her due process of law. She also insisted, as she does now, that the city's refusal to issue the permits was based upon the suspected content of her speech and thus was a prior restraint resulting in unconstitutional censorship.

Appellees responded by claiming that this is not a case about free speech but, rather, a case concerned with the enforcement of a valid zoning ordinance. The trial court agreed, and, following a bench trial, entered judgment for the defendants. The court concluded that Bruggeman's intention in delaying the issuance of the permits was not to foreclose Christy from using her store to disseminate constitutionally protected material, but rather to enforce the City of Warren's zoning provisions. Christy appeals only the judgment in favor of Bruggeman and the City of Warren.

## II.

■ Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978); *Jones v. Duncan*, 840 F.2d 359, 361–62 (6th Cir. 1988). Absent either element, a section 1983 claim will not lie.

Christy specifically alleges violations of the First Amendment. She claims that Bruggeman's conduct constitutes a prior restraint (1) because she was denied procedural safeguards required by the First Amendment, and (2) because Bruggeman was not limited by proper substantive standards in formulating his suspicions and denying her a building permit, thus giving him unbridled discretion.

■ With regard to Christy's contention that she was denied certain procedural safeguards, she relies on *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975). In *Southeastern Promotions*, directors of a municipally-owned theater rejected a theatrical promoter's request to perform the production "Hair" in Chattanooga, Tennessee. 420 U.S. at 548, 95 S.Ct. at 1241. The Court held that the directors' rejection of the promoter's application to use the public theater "accomplished a prior restraint under a system lacking in constitutionally required minimal procedural safeguards." *Id.* at 552, 95 S.Ct. at 1243. However, in discussing the prior restraint issue, the Court enumerated "established exceptions" to the prior restraint doctrine including: (1) when rejection of the application is based "on any regulation of time, place or manner related to the nature of the facility," or (2) when "rights of individuals in surrounding areas were violated by noise or any other aspect of the production." *Id.* at 555–56, 95 S.Ct. at 1244–45.

The Supreme Court has held that zoning restrictions on adult businesses are a permissible time, place, and manner regulation promoting substantial governmental interests. *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29, *reh'g denied*, 475 U.S. 1132, 106 S.Ct. 1663, 90 L.Ed.2d 205 (1986). The ordinance involved in *Renton* prohibited adult motion picture theaters from locating within 1000 feet of any residential zone, single or multi-family dwelling, church, park, or school. The Supreme Court held that this "ordinance represents a valid governmental response to the 'admittedly serious problem' created by adult theaters." *Id.* at 54, 106 S.Ct. at 932 (citations omitted). The Court found that the city did not use " 'the power to zone as a pretext for suppressing expression,' but rather ... sought to make

some areas available for adult theatres and their patrons, while at the same time preserving the quality of life in the community at large by preventing those theatres from locating in other areas." *Id.* The Court held that the city had enacted a zoning ordinance that met those goals while also satisfying the dictates of the First Amendment.

Christy concedes that Warren's zoning ordinance prohibiting the operation of adult businesses within 500 feet of a residential area is constitutionally valid. The purpose of Warren's ordinance was to preserve the neighborhoods in Warren from the urban blight that accompanies adult businesses. *15192 Thirteen Mile Road v. City of Warren,* 626 F.Supp. 803, 822 (E.D.Mich.1985). Since the Supreme Court has held that such zoning ordinances, and their enforcement, are valid under *Renton* and do not violate the First Amendment, we find that Christy was not denied her constitutionally mandated procedural safeguards.

■ For her claim that Bruggeman's discretion in denying the requested permits was not limited by proper substantive standards, in violation of the First Amendment, Christy relies on *Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988). In *Lakewood,* an Ohio based newspaper company sought to permanently enjoin enforcement of a local ordinance giving the mayor "unbridled" discretion to grant or deny applications for newspaper dispensing racks on city property. 486 U.S. at 753–55, 108 S.Ct. at 2141–43. The Supreme Court held that "those portions of the Lakewood ordinance giving the Mayor unfettered discretion to deny a permit application and unbounded authority to condition the permit on any additional terms he deems 'necessary and reasonable,' are unconstitutional." *Id.* at 772, 108 S.Ct. at 2141.

However, we find *Lakewood* distinguishable in that the Lakewood ordinance contained no explicit limits, allowed denial upon the statement that a permit was "not in the public interest," and permitted the mayor to add any conditions he deemed "reasonable." 486 U.S. at 770, 108 S.Ct. at

2140. The Warren ordinance has been held to be constitutionally valid and "reasonably specific and precise." *See 15192 Thirteen Mile,* 626 F.Supp. at 820. Thus, Bruggeman did *not* have unbridled discretion of the type found in *Lakewood.*

Therefore, we find that the district court did not err in finding that there was a substantial basis for Bruggeman's conclusion that Christy's building would be used for an impermissible purpose under the zoning ordinance. There is substantial evidence in the record that Bruggeman was merely trying to enforce Warren's zoning ordinance and was not attempting to deprive Christy of her First Amendment rights.

Because we conclude that Christy's First Amendment rights were not violated, we need not address the remaining issues raised on appeal.

### III.

We AFFIRM the judgment of the district court.