**Aijalon Wallace McLITTLE, Plaintiff,**

v.

**Judge John Patrick O'BRIEN, Nicholas J. Vendittelli and The People of the State of Michigan, Defendant.**

**No. 97 CV 40238 DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 18, 1997.

Aijalon Wallace McLittle, Kincheloe, MI, pro se.

## ORDER OF SUMMARY DISMISSAL

GADOLA, District Judge.

Plaintiff, an inmate at the Hiawatha Temporary Facility in Kincheloe, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Hon. John Patrick O'Brien, judge of the Recorder's Court for the City of Detroit, Nicholas J. Vendittelli, his former criminal defense attorney, and the people of the State of Michigan. He seeks Five Million Dollars in damages from the People of the State of Michigan and One Million Dollars from Nicholas Vendittelli. For the reasons stated below, the complaint must be dismissed.

Plaintiff was originally convicted of Criminal Sexual Conduct (CSC) III and sentenced by Judge O'Brien on that conviction. He appealed by right to the Michigan Court of Appeals, claiming that the facts proven at trial only supported a conviction for CSC II. The appellate court agreed and remanded Plaintiff's case to the trial court for re-sentencing. On May 24, 1991, Plaintiff and Mr. Vendittelli appeared for resentencing for CSC II. Judge O'Brien, after reviewing the updated Sentence Report and Recommendation, imposed the same term of years as that previously imposed for CSC III—two to 15 years with credit for time served.

■ The gist of Plaintiff's complaint is that the trial court never informed the Department of Corrections (DOC) of the change by sending the DOC an amended Judgment of Sentence; this omission, accordingly to Plaintiff, resulted in his being wrongly classified within the prison system and in his remaining incarcerated beyond the time when he should have been released. As for Mr. Vendittelli, Plaintiff claims that he "aided and abetted in this violation of my civil rights" by not making certain that the trial court entered an amended Judgment of Sentence. Plaintiff does not state which of his constitutional rights have been violated by Defendants.

Plaintiff was granted *in forma pauperis* status. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who is/are immune from such relief. *Harris v. Johnson*, 784 F.2d 222, 223 (6th Cir.1986). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). 28 U.S.C. § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. at 1833. *See also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

■ Federal courts hold the *pro se* complaint to a "less stringent standard" than complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief.

Plaintiff has failed to state a claim upon which relief may be granted for four reasons. First, he has failed to file his claim within the three year statute of limitations for 42 U.S.C. § 1983 actions. Second, Judge O'Brien enjoys absolute immunity from § 1983 suits for damages. Third, attorney Vendittelli was

not acting under color of law for § 1983 purposes. Finally, the State of Michigan cannot be sued for damages due to the Eleventh Amendment to the United States Constitution.

In *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985), the Supreme Court directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. If the state has multiple statutes of limitations for personal injury actions, courts should use the state's general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (*en banc*). In Michigan, the three year statute of limitations contained in *Mich. Comp. Laws* § 600.5805(8) is the uniform limitations period to be applied to § 1983 claims arising in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.)(*per curiam* ), *cert. denied*, 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986). Plaintiff's cause of action arose in 1991 when the amended Judgment of Sentence should have been, but was not, entered by the trial court and sent to the DOC. Accordingly, Plaintiff's claims are barred by the three year statute of limitations.

■ Judges are absolutely immune from 42 U.S.C. § 1983 suits for damages for all actions taken in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The allegations against Judge O'Brien demonstrate that all actions for which he is being sued were actions taken in his judicial capacity. Accordingly, Judge O'Brien cannot be sued for damages for alleged civil rights violations.

■ Attorney Vendittelli may not be sued for damages because he has not acted under color of law, an essential element of a 42 U.S.C. § 1983 cause of action. The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of 1) was committed by a person acting under color of state law and 2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct.

1908, 1912–13, 68 L.Ed.2d 420 (1981). "Absent either element. a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991). Attorney Vendittelli, in defending plaintiff, was not acting under color of law. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). In *Polk County*, the Supreme Court held that a public defender appointed to represent a criminal defendant, although a state employee, does not act under color of law when she represents her client in an adversary proceeding against the state. The public defender thus could not be sued under § 1983 for alleged civil rights violations. Here, Mr. Vendittelli was appointed to represent plaintiff. As appointed counsel, he was paid by the government to represent plaintiff and in representing Plaintiff was in an adversary position vis a vis the government. Mr. Vendittelli was thus in the same position as the public defender in *Polk County*. Accordingly, like the public defender in *Polk County*, Mr. Vendittelli was not acting under color of law and cannot be sued under § 1983.

■ Plaintiff has also named the "People of the State of Michigan" as a defendant. The Court construes such a claim as one against the State of Michigan itself. The state, however, is immune from § 1983 suits. The Eleventh Amendment to the United States Constitution bars suits against a state. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Moreover, Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir.1993); *Seminole Tribe of Florida v. Florida*, 517 U.S. 609, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). A suit against a state agency or department is, in essence, a suit against the state, since any damages awarded to the plaintiff will come from the state treasury. *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir.1993).

There are three exceptions to Eleventh Amendment immunity—waiver, abrogation and the *Ex Parte Young* doctrine. *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir.1993). None of the exceptions applies in the instant case. The first exception occurs when the state waives its immunity from federal suit and consents to be sued in federal court. Plaintiff has, not alleged, and the Court has no reason, to believe, that the State of Michigan is a willing party to this lawsuit.

The second exception is where Congress abrogates the states' Eleventh Amendment immunity. Congress may, pursuant to its power under the Fourteenth Amendment, pass legislation which subjects states to federal court jurisdiction, thereby abrogating the states' Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 609, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Thiokol*, 987 F.2d at 381. However, Congress did not abrogate the states' Eleventh Amendment immunity when it passed 42 U.S.C. § 1983. *Quern v. Jordan*, 440 US. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

The third exception is known as the *Ex Parte Young* doctrine and comes into play when a state official is engaged in a continuing violation of the federal constitution. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In that situation, a plaintiff may obtain an injunction demanding that the official cease violating the U.S. Constitution in the future. This exception is thus only applicable where plaintiffs seek prospective injunctive relief against a named state official.[1] Plaintiff's *pro se* civil rights complaint seeks only damages; he does not seek injunctive relief, nor has he named a state official whom he alleges is engaged in a continuing violation of the constitution. The *Ex Parte Young* doctrine is clearly inapplicable to plaintiff's claims.

Plaintiff has failed to state a claim upon which relief may be granted. His action was filed outside the statute of limitations and the defendants are all immune from suit. Accordingly, the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(e)(2)(A).

---

[1] In *Seminole Tribe*, the Supreme Court limited the *Young* doctrine by holding that suits seeking injunctive relief from violations of federal rights can only survive Eleventh Amendment scrutiny if Congress has, not already enacted a "detailed remedial statute" for the enforcement of those rights. 517 U.S. at ——, —— – ——, 116 S. Ct at 1119, 1132–33.