**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MOM N POPS, INCORPORATED,
Plaintiff-Appellant,

v.

CITY OF CHARLOTTE, NORTH
CAROLINA, a North Carolina

No. 97-2359

municipal corporation; ROBERT
BRANDON, Zoning Administrator;
DAVID BARLEY, Zoning Enforcement
Inspector,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
H. Brent McKnight, Magistrate Judge.
(CA-97-308-3-McK)

Argued: May 5, 1998

Decided: August 19, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
FRIEDMAN, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by per curiam unpublished opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Franklin Loflin, III, Durham, North Carolina, for
Appellant. Robert Erwin Hageman, Assistant City Attorney, OFFICE

OF THE CITY ATTORNEY, Charlotte, North Carolina, for Appellees. **ON BRIEF:** Miles S. Levine, Charlotte, North Carolina, for Appellant. Daniel G. Clodfelter, Andrew S. O'Hara, MOORE & VAN ALLEN, P.L.L.C., Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Mom N Pops, filed suit claiming that the City of Charlotte's zoning ordinance related to adult establishments and its privilege license tax violated both the First Amendment and the Due Process Clause. Mom N Pops moved for a preliminary injunction preventing the City from enforcing the challenged provisions of the Code until such time as the court ruled on its underlying claim for relief. Additionally, Mom N Pops sought an order requiring the City to issue a business license to Mom N Pops. The lower court thoroughly reviewed the record before it and heard oral argument on Mom N Pops' motion. Following the court's review of the motion, it issued a lengthy opinion denying Mom N Pops' motion and setting forth detailed findings of fact and conclusions of law. See 979 F. Supp. 372 (W.D.N.C. 1997). Having reviewed the lower court's findings of fact and conclusions of law, and finding no error nor abuse of discretion, we affirm.

I.

We review the grant or denial of a preliminary injunction for abuse of discretion. See Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (Clarke (sitting by designation)) (citing Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 814 (4th Cir. 1991)). Since Mom N Pops have not challenged any of the lower court's specific findings of fact, we will adopt the court's findings of fact in full, and review

2

the court's denial of Mom N Pops' motion to determine whether the court abused its discretion.

A preliminary injunction is appropriate to preserve the status quo until the court has an opportunity to fully review the merits of a case at trial. In deciding whether to grant a motion for preliminary injunction, a court must consider

>(1) the likelihood of irreparable harm to the plaintiff absent an injunction;
>
>(2) the likelihood of harm to the defendant if an injunction is granted;
>
>(3) the plaintiff's likelihood of success on the merits of the case;
>
>(4) whether the injunction is in the public interest.

See Direx Israel, 952 F.2d at 812; Blackwelder Furn. Co. v. Seilig Mfg. Co., 550 F.2d 189, 197 (4th Cir. 1977). The plaintiff bears the burden of showing that each of the four factors are met to support the issuance of a preliminary injunction. Direx Israel, 952 F.2d at 812.

Ordinarily, the court should first address the balance of the harms by determining whether the plaintiff is likely to suffer some irreparable harm absent an injunction, and if so, whether the harm to the plaintiff outweighs the potential harm of an injunction to the defendant. Manning, 119 F.3d at 263-64. However, in this case the irreparable harm Mom N Pops alleges is inseparably linked to its claim of a violation to its First Amendment freedom of speech. See Elrod v. Burns, 427 U.S. 347 (1976). Therefore, to properly address Mom N Pops' claim of irreparable injury, we must first determine Mom N Pops' likelihood of succeeding on the merits of its claims.

II.

This case involves Charlotte's exercise of a "privilege license tax" on businesses operating within the City.[1]  Every applicant for a privi-
_____

[1] In a published opinion, the district court thoroughly reviewed the facts of this case, the relevant North Carolina law, and Charlotte City Code.

lege license, without exception, is referred to the Zoning Administrator's Office for verification that the operation of the proposed business is in compliance with the local zoning ordinances. Charlotte City Code § 13-21(b). The purpose of the privilege license is "to raise funds for municipal purposes." Id. § 13-16.

Charlotte's zoning ordinance provides that "adult establishments" are limited to certain areas and must be separated by at least 1500 feet from a residential or school district, church, child care center, park or playground. Charlotte City Code App. A § 12.518. The purpose of the zoning ordinance is to ensure that the effects of adult establishments "do not contribute to the blighting of surrounding neighborhoods and to protect the integrity of the City's schools, churches, child care centers, parks and playgrounds. . . ." Id.

The City's zoning ordinance defines "adult establishments" as a business which

>(a) has as one of its principal business purposes the sale or rental of, or

>(b) has a substantial or significant proportion of its stock or trade for sale or rental: "publications" which are distinguished or characterized by their emphasis on matter depicting, describing or relating to "specified anatomical areas" . . ., or "specified sexual activities," and/or "sexually oriented devices."

Charlotte City Code App. A § 12.522; see also N.C. Gen. Stat. § 14.202.10(2). "Sexually oriented devices" is defined as "any artificial or simulated specified anatomical area or other device or paraphernalia that is designed principally for specified sexual activities but shall not mean contraceptive device." N.C. Gen. Stat. § 14-202.10(9).

_____

979 F. Supp. 374-383 (W.D.N.C. 1997). Rather than restate the exhaustive review of the challenged ordinance and relevant facts we have briefly summarized the same and hereby incorporate the remaining portions by reference.

4

To determine whether an applicant is in compliance with the local zoning ordinances, the City ordinance provides that aside from "all other information available to the Zoning Administrator in making a determination whether a particular use is an `Adult bookstore,'" there are certain "indicia that an establishment has as one of its principle business purposes the sale or rental of . . . `sexually oriented devices' . . . ." Charlotte City Code App. A § 12.518. The Zoning Administrator is not authorized to determine whether a proposed business should be permitted or the conditions under which it should be permitted. Instead, he or she has the authority to begin an enforcement process by issuing a Notice of Violation, which ordinarily results in a hearing before the Zoning Board of Adjustment.

III.

In April 1997, Mom N Pops subleased a building located at 5920 South Boulevard, Charlotte, North Carolina, from the former occupant of the premises, South Blvd. Video and News. **2** The terms of the sublease include the right to use the name and goodwill of South Blvd. Video and News. Mom N Pops additionally purchased the entire stock of Video and News, including 5000 sexual toys, sexual paraphernalia, and other sexually oriented devices, which is estimated as approximately forty percent of the total retail space in the store.

On May 16, 1997, Miles Levine, an attorney for Mom N Pops (as well as for South Blvd. Video and News) went to the Mechlenburg

---

**2** The history of this location is relevant to the case. In May 1995, South Blvd. Video and News received a Zoning Use Permit to operate a business at 5920 South Boulevard. Because the location on South Boulevard is within 1500 feet of a residential district and a church, a proviso came with the permit that the store was limited to "non-adult" uses. Apparently, South Blvd. Video and News did not heed the proviso and in November 1995, it was issued a citation for operating an adult business. In December 1996, the Superior Court in North Carolina issued a permanent injunction against South Blvd. Video and News to cease operation of any adult business at 5920 South Blvd. South Blvd. Video and News did not comply with the permanent injunction and in January 1997, the Superior Court held South Blvd. Video and News in civil contempt. See generally South Blvd. Video & News, Inc. v. Charlotte, 498 S.E.2d 623 (1998).

County Tax Collector's Office to pay the business privilege license for Mom N Pops. Like all applicants for a privilege license, Levine was referred to the zoning office to determine whether Mom N Pops was in compliance with the zoning ordinances. Mr. Barley, the Zoning Officer, was previously involved in the citation issuance and enforcement of a permanent injunction against the previous occupant of 5920 South Boulevard, South Blvd. Video and News. As a result, Mr. Barley explained that he needed additional information to determine the identity of the owners and operators of Mom N Pops. One week later, Mr. Brandon, the Zoning Administrator, issued a letter to Mom N Pops describing the history of the business location and the zoning regulations, and requesting additional information to determine the proposed purpose of the business. Mr. Brandon clearly explained that he needed to ensure that the business was not an adult establishment within the meaning of the Zoning Ordinance.

Mom N Pops did not respond to the letter, nor did they seek to open their business at another location in Charlotte. Instead, in May 1997 Mom N Pops filed this action alleging violations of the First Amendment right to free speech and the Due Process Clause. Specifically, Mom N Pops alleges that Charlotte's privilege license and zoning laws are facially violative of the First Amendment, that the zoning ordinance is unconstitutionally vague and overbroad, and that the doctrine of "prior restraint" applies in this case. Mom N Pops moved for a preliminary injunction, and on August 22, 1997, after consideration of the parties' memorandum and the benefit of oral argument, the court issued an order denying the motion. 979 F. Supp. 372 (W.D.N.C. 1997). The court found that Mom N Pops was not likely to suffer any irreparable harm since the alleged injury to Mom N Pops was necessarily subsumed in the court's determination that Mom N Pops was not likely to succeed on the merits of its claims. Mom N Pops appeals.

IV.

A.

Mom N Pops claims that Charlotte's zoning ordinance and privilege licensing scheme is facially invalid under the First Amendment. Regulations enacted for the purpose of banning speech on the basis

6

of content presumptively violate the First Amendment. See Carey v. Brown, 447 U.S. 455, 462-63 (1980). However,"`content neutral' time, place and manner restrictions are acceptable as long as they are designed to serve a substantial government interest and do not unreasonably limit the alternative avenues of communication." Renton v. Playtime Theatres, Inc., 475 U.S. 41, 46 (1985). The ordinance in this case is similar to that considered by the Supreme Court in Renton in that it does not ban adult bookstores, but merely provides that adult bookstores not be located within a certain distance of residential zones, schools, etc. The Charlotte ordinance is therefore properly considered as a form of time, place and manner regulation.

As the Court clearly stated in Renton, there is a valid and substantial governmental "interest in attempting to preserve the quality of urban life . . . that must be accorded high respect." Id. at 49 (quoting Young v. American Mini Theatres, 427 U.S. 50, 71 (1976)). The purpose of Charlotte's ordinance, as set forth above, is almost identical to the purpose reviewed by the Court in Renton , and is designed to protect a valid and substantial governmental interest. With regard to the query on unreasonable limitations within the ordinance, like the Court in Renton, we do not regard limiting the location of "adult establishments" from areas within 1500 feet of sensitive areas such as schools and residential areas as an unreasonable limitation on the exercise of free speech. Therefore, we find under Renton, that the challenged ordinance is a permissible time, place and manner restriction that does not violate principles of free speech.

B.

Mom N Pops additionally contends that Charlotte's process for verifying compliance with the zoning ordinance constitutes a form of "prior restraint" of free speech. A "prior restraint" exists where a law conditions the exercise of First Amendment protected speech on the prior approval or permission from a government official. See Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546 (1975). Not all prior restraints are unconstitutional. However, all laws that amount to prior restraints bear a heavy burden of establishing their constitutionality. Id. at 558-59.

We agree with the lower court that the challenged ordinance has "as its sole purpose to determine the kind of business" that a proposed

7

business, such as Mom N Pops, intends to operate, and that the zoning administrators have no discretion as to whether the proposed business will be allowed to operate at the proposed location. 979 F. Supp. at 389. Therefore, the ordinance does not constitute a prior restraint on its face. The ordinance does not vest with the Zoning Administrator the responsibility to appraise any facts, or to exercise personal judgment. Nor does the ordinance require that a Zoning Officer or Administrator form an opinion regarding the legality of a proposed business without consideration of objective material. See Poulos v. New Hampshire, 345 U.S. 395 (1953).

Mom N Pop relies on the Supreme Court's decision in FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990). In FW/PBS, the Court analyzed a zoning ordinance in Dallas and determined that because the ordinance provided that sexually oriented businesses could not operate prior to inspection by the zoning official who would determine, in his or her discretion, whether the business was in compliance, the law constituted a "prior restraint." 493 U.S. at 226. As we have explained on prior occasions, the fact that an ordinance anticipates that a Zoning Administrator will gather certain information in an effort to enforce a permissible time/place/manner restriction does not, in and of itself, render the ordinance a "prior restraint." See, e.g., Chesapeake B & M, Inc. v. Hartford Cnty, 58 F.3d 1005 (4th Cir.), cert. denied, 516 U.S. 1010 (1995); 11126 Baltimore Blvd., Inc. v. Prince George's Cnty, 58 F.3d 988 (4th Cir.), cert. denied, 516 U.S. 1010 (1995). In this case, we are reviewing the denial of a preliminary injunction to determine whether the court abused its discretion. The court relied on a correct interpretation of the case law from this Circuit and from the Supreme Court relating to the First Amendment and the prior restraint doctrine, and did not abuse its discretion in finding that Mom N Pops was not likely to succeed on the merits of its claim of prior restraint.

Mom N Pops further argues that the Zoning Administrator's specific decision in this case, to collect additional information prior to issuing a license to Mom N Pops, amounts to a "prior restraint." However, as set forth above, in every case when an application for a license is received, the Zoning Administrator is called upon to determine if the purpose of the proposed business complies with the zoning for the proposed location by determining, among other things, the proposed use of the property. There is no evidence in the record con-

8

tradicting the fact that the same procedure is followed regardless of the applicant for a license. Since the license procedure does not amount to a prior restraint in and of itself, and since the same procedure was followed here as in every instance, the Zoning Administrator's decision to collect additional information on Mom N Pops is not a result of unbridled discretion, and does not amount to a prior restraint. For these reasons, we agree with the court's conclusion.

Charlotte's Zoning Administrator, based on his knowledge of the prior South Blvd. Video and News and its potential connection with Mom N Pops, had a justified concern that the zoning ordinance might not be followed. See Christy v. Randlett, 932 F.2d 502 (6th Cir. 1991) (finding that applicant who continually misrepresented the purpose of its proposed business was not victim of prior restraint when the city delayed issuing license for the operation of a bookstore). We find that the court did not abuse its discretion by concluding, based on the facts and circumstances of this case, that the Zoning Administrator's concerns were justified, and that his decision did not amount to a prior restraint.

Mom N Pops additionally argues that the ordinance is violative of the prior restraint doctrine since it does not place time limitations on the Zoning Administrator to make a decision regarding licensing. See FW/PBS, 493 U.S. at 226. However as the lower court correctly noted, neither the licensing scheme nor the zoning ordinance constitute prior restraints since the Zoning Officer is not vested with any discretion. The mere absence of a time restriction on the Zoning Administrator's duty of classifying the proposed business does not involve discretion, much less "unbridled discretion." The ordinance challenged in this case differs materially from the ordinances challenged in both Chesapeake B & M and 11125 Baltimore Blvd. In both Chesapeake B & M and 11125 Baltimore Blvd. , the challenged ordinances required adult bookstores to obtain either a license or a "special exception," or both, prior to conducting business. In comparison, the Charlotte privilege license is a licensing scheme or revenue raising device more akin to a tax than a regulation, which applies to all businesses alike and only implicates the zoning provisions related to adult businesses to the extent that the licensee is referred to the Zoning Officer for the ministerial determination of whether the proposed use of the location complies with the zoning ordinance. Charlotte's

9

zoning ordinance, as set forth above, is a valid time, place and manner restriction and does not constitute a prior restraint. Therefore, the procedural safeguards identified in Freedman v. Maryland, 380 U.S. 51, 59 (1965), and elaborated on in FW/PBS, do not apply to either Charlotte's privilege license or its zoning ordinance for adult establishments.

C.

Finally, Mom N Pops argues that the challenged ordinance is vague and overbroad, and therefore, in violation of the Due Process Clause. Prior to addressing the merits of Mom N Pops' claim of vagueness and overbreadth, we must determine whether Mom N Pops has standing to bring this claim. The lower court reviewed the challenged ordinance and concluded that the language of the ordinance "unquestionably" applied to the business proposed by Mom N Pops and that Mom N Pops' claims of vagueness and overbreadth were merely hypothetical. 979 F. Supp. at 392.

In American Mini Theatres, the Court found that where an ordinance clearly applied to the plaintiff, the plaintiff lacked standing to challenge the ordinance based on vagueness or overbreadth. 427 U.S. at 61. In this case, the challenged ordinance applies to all "adult establishments." "Adult establishment" is defined as a business that, inter alia, "has a substantial or significant proportion of its stock or trade for sale or rental of: . . . `sexually oriented devices.'" Charlotte Code at § 12.522. It is undisputed in this case that, at the time it made its application for a privilege license, Mom N Pops had purchased from the former South Blvd. Video and News 5000 sexually oriented devices. Additionally, it is undisputed that pursuant to a discovery order entered by the lower court, the court found that at least forty percent of Mom N Pops' retail space was devoted to sexually oriented devices. While the ordinance does not precisely define "substantial" or "significant," it is clear that forty percent of retail space, or at least 5000 items of merchandise amounts to a "substantial or significant proportion of [Mom N Pops'] stock" under any interpretation of "substantial" or "significant." See Hart Book Stores, Inc. v. Edmisten, 612 F.2d 821, 833 (4th Cir. 1979) (finding that the word"preponderance" in North Carolina's definition of adult bookstores was not void for vagueness), cert. denied, 447 U.S. 929 (1980). Because the ordinance

10

clearly applies to Mom N Pops, it does not have standing to bring this claim, and following the wisdom of the Supreme Court in American Mini Theatres, we decline to address vagueness in the abstract.

Along these same lines, Mom N Pops argues that the challenged ordinance is overbroad based on the provision in the ordinance outlining certain "indicia" the Zoning Administrator might consider in making a determination of whether a proposed business constitutes an adult establishment, e.g., the visual obstruction of the contents of the business or the limitation of persons under a certain age. Charlotte Code § 2.201. Mom N Pops contends that one factor standing alone might result in the classification of a proposed business as an adult establishment. Just as its argument regarding vagueness must fail for lack of standing, so must its argument of overbreadth. In this case it is not alleged, nor is it the case, that Mom N Pops was a victim of an over-inclusive reading of the ordinance. Therefore, they do not have standing to bring a claim for overbreadth. The ordinance clearly states that the Zoning Administrator should consider"all" of the factors along with "all other information available to the Zoning Administrator in making a determination." Charlotte City Code at § 2.201. The requirement that the Zoning Administrator consider all factors as well as other information creates an unambiguous safeguard to protect against Mom N Pops' hypothetical fear of an over-inclusive application of the ordinance. See American Mini Theatres, 427 U.S. at 59-61.

V.

For the reasons set forth above and finding no abuse of discretion, we affirm the court's decision denying Mom N Pops' motion for a preliminary injunction.

AFFIRMED

11