Andrew **DANIELS, Plaintiff–Appellant,**

v.

**CHARTER ONE BANK,**
**Defendant–Appellee.**

No. 02–3063.

United States Court of Appeals,
Sixth Circuit.

June 21, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.[*]

### ORDER

Andrew Daniels, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681u. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Daniels paid the proper filing fee and filed a complaint against Charter One Bank. Daniels alleged that he issued a check in the amount of $575 to Advance America. Advance America apparently agreed to hold the check until a certain date and, if Daniels had not paid the amount of the check to Advance America by that date, it would present the check to Daniels's bank, Charter One, for payment. According to Daniels, he satisfied the obligation owed to Advance America, yet Advance America presented his check to Charter One for payment. Therefore, Daniels paid Charter One a fee in the amount of $28.50 to place a stop payment order on his check to Advance America. Despite the stop payment order, Daniels alleged that Charter One processed his check to Advance America. As a result of Charter One's failure to honor the stop payment order, Daniels contended that he was charged additional fees by Charter One because his account did not contain sufficient funds to pay the amount of the check to Advance America. Daniels also contended that Charter One knew that negative information concerning the incident "would be reported to the credit bureau, put on the internet, and placed on [his] driver's license."

Daniels subsequently filed an amended complaint in response to the district court's order to do so. After concluding that the complaint failed to state a claim upon which relief may be granted, the district court dismissed the case. Daniels

[*] The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

has filed a timely appeal. Daniels has also filed a motion "to prevent Tom Freeman from representing Charter One Bank in this appeal."

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When contemplating dismissal of a complaint under Fed. R.Civ.P. 12(b)(6), "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

■ Upon review, we conclude that the district court properly dismissed Daniels's case. In order to assert a § 1983 civil rights claim, a plaintiff must allege and prove that a person acting under color of state law deprived him of a right secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991). Moreover, the protections afforded to citizens by the Fourth and Fourteenth Amendments apply only to state or governmental action as well. *Mays v. Buckeye Rural Elec. Coop.,* 277 F.3d 873, 880 (6th Cir.2002); *Bills v. Aseltine,* 958 F.2d 697, 703 (6th Cir.1992). Charter One is not a state actor subject to liability under § 1983, the Fourth Amendment, or the Fourteenth Amendment.

■ The FCRA regulates the activities of "consumer reporting agencies" in order to protect consumers. 15 U.S.C. § 1681(b). A "consumer reporting agency" is defined as "any person which, ... regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties...." 15 U.S.C. § 1681a(f). To the extent that a bank reports "information based solely on its own experience with one of its customers, the Bank is not acting as a 'consumer reporting agency' within the meaning of the Fair Credit Reporting Act, because, *inter alia,* it has not furnished a 'consumer report' as that term is defined in the Act." *Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1578 (11th Cir.1988). Charter One is not a "consumer reporting agency" subject to liability under the FCRA.

The additional arguments asserted by Daniels in his appellate brief lack merit and do not change the result of this case.

Accordingly, the motion to prevent representation is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.