**Elliot James BROWN, Plaintiff–Appellant,**

v.

**J. HOLDENER, M.D., et al., Defendants–Appellees.**

**No. 02–1768.**

United States Court of Appeals, Sixth Circuit.

May 27, 2003.

Before SUHRHEINRICH and COLE, Circuit Judges; and CARR, District Judge.*

### ORDER

Elliot James Brown, proceeding pro se, appeals a district court order dismissing his civil action filed pursuant to 18 U.S.C. §§ 1343 and 2255 and 42 U.S.C. § 1983. This case has been referred to a panel of

---

* The Honorable James G. Carr, United States District Judge for the Northern District of

the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 30, 2002, Brown filed a complaint against J. Holdener, M.D.; R. Suzanne, M.D.; Haggard, M.D.; Kassar, M.D.; Sprague, M.D.; D. Guyot, M.D.; Endress, M.D.; Lucas, M.D.; D. Harrah, M.D.; Morris Friedman, attorney; and Detective Bush, a Drug Enforcement Agency official. The complaint alleged that on February 3, 1996, Brown received treatment from the medical defendants for "a fracture of the left supracondylar humerus and an olecranon fracture which was treated with reduction and internal fixation." As a result of the treatment he received, Brown alleged that he contracted Hepatitis A and B and "suffered a severe infection at the operative site resulting in permanent damage to" his left arm. According to Brown, the infection occurred as a result of the "placement of unnecessary and tainted objects in the [operative] site by the physicians involved."

Brown alleged that Bush has threatened him, assaulted him, and sent "trigger men" to harm him. Brown claimed that Bush "has been [his] shadow for the past 17 or 18 years" and "accosted [him] to help [Bush] in setting up drug deal througout [sic] the city and state government." The complaint contains no allegations against Friedman. Brown sought declaratory, injunctive, and monetary relief.

The district court granted Brown's application to proceed in forma pauperis and dismissed the case. Brown has filed a timely appeal. Brown requests appointment of counsel.

Ohio, sitting by designation.

We review de novo a district court's order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Brown's complaint, as it fails to state a claim upon which relief may be granted. First, none of the defendants are state actors subject to liability under § 1983. *See* 42 U.S.C. § 1983; *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991). Second, even if Brown's claims against Bush are construed as brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), his claims are barred by the doctrine of sovereign immunity because he did not specify the capacity in which he sued Bush either in his original complaint or in any subsequent pleadings. *See Blakely v. United States,* 276 F.3d 853, 870 (6th Cir.2002); *Wells v. Brown,* 891 F.2d 591, 593–94 (6th Cir.1989).

Third, Brown's claims against the defendants under §§ 1343 and 2255 may not proceed, as neither of these statutes pertain to the allegations contained in Brown's complaint. Fourth, Brown's complaint is time-barred. *See* Mich. Comp. Laws Ann. § 600.5805(9) (West Group 2002); *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986).

Accordingly, the motion for appointment of counsel is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.