**Donna K. THOMAS, Plaintiff–Appellant,**

v.

**GLAXO WELLCOME, INC.; Food and Drug Administration, Defendants–Appellees.**

No. 03–5972.

United States Court of Appeals, Sixth Circuit.

March 24, 2004.

---

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

*ORDER*

Donna K. Thomas, proceeding pro se, appeals a district court order dismissing her civil action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule

---

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisi- ana, sitting by designation.

34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 23, 2002, Thomas filed a complaint against Glaxo Wellcome, Incorporated, and the Food and Drug Administration (FDA). Thomas alleged that Glaxo "has a product (Imitrex Stat–Dose Pen) that is defective, and dangerous, in that it has caused a permanent injury to me." Thomas alleged that the FDA "violated [her] right of freedom of information, by not providing information pertaining to the said product in its status after numerous consumer complaints were reported concerning malfunction of the pen...." Thomas alleged that when she requested information concerning the number of complaints and adverse reactions to "the pen," the FDA incorrectly reported only one when "there were 1627 complaints reported in 1997, 2111 in 1998, 1397 in 1999, 872 in 2000." Thomas sought monetary relief only.

The district court dismissed Thomas's complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Thomas now appeals.

We review de novo a district court order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Thomas's complaint. Although Thomas did not allege a basis for federal jurisdiction in her complaint, she filed her complaint on a standard form prepared for the use of prisoners filing civil rights actions under § 1983. In order to assert a § 1983 civil rights claim, a plaintiff must allege and prove that a person acting under color of state law deprived her of a right secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

■ Neither defendant in this case is a state actor. Although private actors acting in concert with state officials may be subject to § 1983 liability, *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), Thomas did not allege that either Glaxo or the FDA acted in concert with a state agent. Thus, neither Glaxo nor the FDA is subject to liability under § 1983.

■ To the extent that Thomas may have intended to pursue a *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), action against the FDA, she is not entitled to relief. A federal agency such as the FDA is not subject to liability under *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

In any event, Thomas's complaint failed to state a claim upon which relief may be granted against either defendant. First, Thomas's claim against Glaxo is barred by the doctrine of res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). Second, Thomas's claims against the FDA under either the Freedom of Information Act or the Federal Torts Claim Act are unexhausted. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (FTCA); *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir.1997) (FTCA); *In re*

*Steele,* 799 F.2d 461, 465–66 (9th Cir.1986) (FOIA).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.