**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0514n.06
Filed: July 24, 2006

**No. 05-3363**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| CHANG, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JACKSON TOWNSHIP, JACKSON | ) | NORTHERN DISTRICT OF OHIO |
| TOWNSHIP BOARD OF ZONING | ) | |
| APPEALS, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER, DAUGHTREY, and ROGERS, Circuit Judges.

**PER CURIAM.** In this § 1983 action, the plaintiff, Chang, Inc., has re-characterized what was essentially a dispute over the denial of a zoning certificate as a prior restraint of the plaintiff's freedom of expression, charging a violation of the First Amendment. Chang filed suit against defendant Jackson Township (Ohio) after Chang was denied a certificate that would have permitted the construction and operation of a night club known as Christie's Cabaret on property that had been zoned "B-3, Commercial Business," a zoning designation that prohibits the operation of any "sexually oriented business" on the premises.

The plaintiff sought, and was eventually granted, a zoning certificate on July 30, 2003. An appeal to the Board of Zoning Appeals by another property owner, however, resulted in a township decision to rescind authorization for the plaintiff's intended use of the property. Because one of the Chang owners testified at the Board hearing that any female dancers working at the location would be clad in compliance with the township's nudity restrictions on B-3 properties,[1] the plaintiff asserts that the Board's subsequent rescission of the zoning certificate based upon its disbelief of the plaintiff's intentions in fact amounted to a restriction on protected speech before any violation actually occurred.[2] Significantly, however, the plaintiff does not challenge in this litigation either the township's decision to zone the area in which the property is located as B-3 or the township's prohibition of nudity in B-3 establishments. Instead, Chang challenges only the Board's conclusion that the dancers at Christie's Cabaret would not be clad as promised by the plaintiff. Consequently, the district court noted that this case, like *Christy v. Randlett*, 932 F.2d 502 (6th Cir. 1991),

---

[1]"Nudity" is defined in § 201.2(B)(99) of the township zoning resolutions to entail "[t]he showing of either of the following: 1) the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering; or 2) the female breast with less than a fully opaque covering on any part of the nipple." One of the caberet owners initially testified at a Board hearing that the dancers in the nightclub would wear thongs, which – as he defined them – would have been in violation of the zoning restriction. He later recanted that testimony by saying, in effect, that the entertainers would wear whatever was required by the zoning certificate for which Chang was applying.

[2]In its amended complaint, Chang admits that "on or about November 25, 2003, . . . Plaintiff submitted a new application for a zoning certificate to present constitutionally protected dance performances at its location, [and] a new zoning certificate was issued to Plaintiff." The plaintiff, therefore, is pursuing this litigation to recover damages only for the alleged suppression of protected speech and for economic losses supposedly suffered between the October 6, 2003, notification of the initial certificate rescission and the November 25, 2003, issuance of the new zoning certificate, a period of less than six weeks.

"is not a case about free speech but, rather, a case concerned with the enforcement of a valid zoning ordinance." *Id.* at 504.

The district court's judgment is supported by the recent decision in *City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004), in which the Supreme Court considered a zoning ordinance affecting adult businesses similar to the ordinance in this case. In determining whether the Littleton city ordinance provided sufficient procedural protections to a business owner, the Supreme Court considered whether the state had judicial rules and practices for prompt disposition of the claim, whether state judges appeared sensitive to First Amendment concerns, and whether the ordinance in question was censorial. *See id.* at 782-84. In this case, Chang points to no evidence suggesting that Ohio does not have judicial procedures in place to avoid delay, that Ohio judges are insensitive to First Amendment concerns, or that the regulations were intended to censor. Finally, the Supreme Court in *City of Littleton* noted that nothing requires a municipality to place judicial safeguards in the zoning ordinance. *See id.* at 784. As a result, Chang's argument that the zoning ordinance in this case lacks specific time limitations is unavailing.

Additional reasons supporting this conclusion were sufficiently stated by the district judge in his "memorandum opinion and order" granting summary judgment to the

defendants.  Having studied the record and the briefs on appeal, and with the benefit of oral argument, we conclude that the issuance of a detailed opinion by this court would be duplicative and would serve no useful jurisprudential purpose.   Accordingly, we AFFIRM the judgment of the district court based upon *City of Littleton* and the reasoning set out in the court's opinion and order dated February 11, 2005.