*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0080P (6th Cir.)
File Name: 00a0080p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

EMILY DECKER,
  *Plaintiff-Appellant,*

  *v.*

MERRILL LYNCH, PIERCE,
FENNER AND SMITH, INC.,
  *Defendant-Appellee.*



Nos. 98-1658;
99-1558

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-71347—Julian A. Cook, Jr., District Judge.

Argued: February 2, 2000

Decided and Filed: March 6, 2000

Before: MERRITT and MOORE, Circuit Judges; BELL,[*]
District Judge.

---

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

———————————

### COUNSEL

**ARGUED:** Joseph H. Spiegel, Southfield, Michigan, for Appellant.    Thomas R. Cox, MILLER, CANFIELD, PADDOCK & STONE, Detroit, Michigan, for Appellee. **ON BRIEF:** Joseph H. Spiegel, Southfield, Michigan, for Appellant. Thomas R. Cox, Clarence L. Pozza, Jr., MILLER, CANFIELD, PADDOCK & STONE, Detroit, Michigan, for Appellee.

———————————

### OPINION

———————————

KAREN NELSON MOORE, Circuit Judge.  This appeal is a consolidation of two related appeals before this court involving the same parties and the same underlying dispute. Emily Decker and Merrill Lynch engaged in a National Association of Securities Dealers ("NASD") arbitration hearing to resolve a dispute regarding Merrill Lynch's management of Decker's securities investment.    After receiving an arbitration award, Decker filed a lawsuit against Merrill Lynch claiming that Merrill Lynch improperly interfered with the arbitration when one of its wholly owned subsidiaries hired the chairperson of the arbitration panel to act as a closing agent for various real estate transactions.  In her suit, Decker seeks damages based on tortious interference with contract, breach of contract, and other grounds.  Merrill Lynch filed a motion to dismiss for failure to state a claim and to confirm the arbitration award, while Decker filed a motion for summary judgment on her claims.  The district court denied Decker's motion for summary judgment and granted Merrill Lynch's motion to dismiss holding in part that Decker's claims constitute an impermissible collateral attack on the arbitration award in violation of the Federal Arbitration Act ("FAA").  Decker appeals the district court's decision. As this appeal was pending, Decker filed a second statement of claim for arbitration with NASD that was identical to the

We believe that it is logical to extend our holding in *Corey* to Decker's claims presented in a second arbitration. The FAA provides the exclusive remedy for challenging acts that taint an arbitration award whether a party attempts to attack the award through judicial proceedings or through a separate second arbitration. It would be a violation of the FAA to allow Decker to arbitrate the very same claims that we have determined constitute an impermissible collateral attack when previously presented for adjudication by a court. Decker may not bypass the exclusive and comprehensive nature of the FAA by attempting to arbitrate her claims in a separate second arbitration proceeding. Therefore, we hold that the district court properly granted Merrill Lynch's motion to enjoin Decker's separate arbitration of her claims.[3]

### III.  CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's judgment granting Merrill Lynch's motion to dismiss and **AFFIRM** the district court's judgment enjoining Decker's second arbitration claim.

---

[3]There is no need for this court to address the district court's conclusion that preclusion doctrines bar Decker from arbitrating her second NASD claim or its determination that Decker waived her right to arbitrate by substantially invoking the litigation machinery because we conclude that, consistent with our holding in *Corey*, the FAA bars Decker's second arbitration claim.

complaint she filed in court. Merrill Lynch responded by filing a motion with the district court requesting the court to enforce its judgment granting Merrill Lynch's motion to dismiss and to enjoin Decker from proceeding with her new arbitration claim. The district court granted Merrill Lynch's motion and enjoined Decker from arbitrating her second claim, which judgment Decker also appeals. We **AFFIRM** the district court's grant of Merrill Lynch's motion to dismiss because Decker's claims collaterally attack the arbitration award and the FAA provides the exclusive remedy for challenging acts that taint an arbitration award. We also **AFFIRM** the district court's injunction barring Decker from proceeding with her second NASD arbitration claim because this claim also operates as an impermissible collateral attack on the arbitration award in violation of the FAA.

### I.  FACTS AND PROCEDURE

Decker and Merrill Lynch entered into a Uniform Submission Agreement to resolve through NASD Arbitration a dispute over Merrill Lynch's handling of Decker's securities investment. After nine days of hearing sessions, the chairperson of the three-person arbitration panel transmitted a letter to the parties disclosing that his law office had been hired by Lender's Service, Inc., a wholly owned subsidiary of Merrill Lynch, to act as a closing agent for several real estate transactions in his geographic area. He stated that because such transactions are unrelated to Merrill Lynch's securities business, he did not believe that this client relationship would affect his impartiality. In response, Decker filed with the arbitration panel a motion for sanctions against Merrill Lynch for interfering with the arbitration process and for depriving her of a fair hearing. She also asked the chairperson to step down due to this conflict of interest. The entire arbitration panel met in executive session and decided to deny Decker's motion for sanctions and request for recusal. The arbitration concluded on November 12, 1997, and Decker was awarded damages in the amount of $40,000 on December 9, 1997.

On March 5, 1998, Decker filed a complaint against Merrill Lynch in Michigan state court claiming that Merrill Lynch owed Decker a duty not to interfere with the arbitration process by directly or indirectly hiring the chairperson of the arbitration panel during the course of the arbitration, conduct it should have known would harm her. Decker does not seek vacatur of the arbitration award under the FAA in this suit, but instead asserts various common law tort and contract claims. Merrill Lynch removed the case to federal court based on diversity jurisdiction. It then moved, under Federal Rule of Civil Procedure 12(b)(6), to dismiss all of Decker's claims against it for failure to state a claim upon which relief may be granted and to confirm the arbitration award. Decker filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), asserting no genuine issue of material fact exists regarding Merrill Lynch's liability. The district court confirmed the arbitration award and granted Merrill Lynch's motion to dismiss because it concluded that Decker's complaint constitutes a collateral attack on the arbitration award in violation of the FAA, which provides the exclusive remedy to challenge an arbitration award. The district court also held that these issues had already been decided by the arbitration panel in response to Decker's motion for sanctions and thus were precluded from relitigation. Decker appeals the district court's judgment granting Merrill Lynch's motion to dismiss and denying her motion for summary judgment.

After filing her appeal with this court, Decker filed a second statement of claim for arbitration with NASD, asserting the same allegations as in her complaint. In response, Merrill Lynch filed a motion with the district court to enforce its judgment granting Merrill Lynch's motion to dismiss and to enjoin Decker from proceeding with this second arbitration claim. The district court granted Merrill Lynch's motion, holding that Decker is precluded from relitigating in arbitration the court's determination that her claims are a collateral attack on the arbitration award and also holding that Decker has waived her right to arbitrate these claims by first substantially invoking the judicial process.

## B.  Injunction Barring Decker's Second Arbitration Claim

Decker also argues that the district court erred in granting Merrill Lynch's motion to enjoin arbitration of her second NASD claim because she asserts that her claims fall within the scope of a valid arbitration agreement and thus must be arbitrated. There is strong federal policy in favor of arbitration of disputes. The FAA establishes that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). This strong federal policy in favor of arbitrating claims governed by an arbitration contract, however, also provides that arbitration awards may only be subject to limited judicial review under the FAA. *See Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir. 1990) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24).

As discussed above in Part II.A *supra*, we concluded in *Corey* that a party's exclusive remedy for challenging an arbitration award is to seek relief under the FAA; a party may not file a suit in court making claims alleged to be independent but that in fact collaterally attack an arbitration award. *See Corey v. New York Stock Exch.*, 691 F.2d 1205, 1213 (6th Cir. 1982). The question of whether a party may pursue these same types of allegedly independent claims though a second arbitration proceeding, instead of a judicial proceeding, is one of first impression in this circuit. Nor have we found much law addressing this issue in other federal courts. *But see Prudential Sec. Inc. v. Hornsby*, 865 F. Supp. 447, 453 (N.D. Ill. 1994) (granting a party's motion to enjoin arbitration because the court concluded that the arbitration claims were merely an impermissible collateral attack on a prior arbitration award and thus in violation of the FAA).

issue preclusion.

this argument to be persuasive. Like the plaintiff in *Corey*, Decker's alleged prejudice did not result when the Merrill Lynch subsidiary hired the chairperson of the arbitration panel to perform legal services, but instead resulted from the impact of this action on the arbitration award. Her ultimate objective in this damages suit is to rectify the alleged harm she suffered by receiving a smaller arbitration award than she would have received in the absence of the chairperson's relationship with Merrill Lynch. In order to pursue this objective, Decker should have filed a motion to vacate the arbitration award under the FAA by claiming that "the award was procured by corruption, fraud, or undue means" or that "there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(1)-(2). As noted above, the FAA "provides the exclusive remedy for challenging acts that taint an arbitration award." *Corey*, 691 F.2d at 1211. Because Decker chose to attack collaterally the arbitration award in violation of the FAA, she fails to state a claim upon which relief may be granted.

Decker argues that it would violate public policy to apply *Corey* to this case because it would encourage fraud and deceit in the arbitration process. However, we have noted that in light of the strong federal policy in favor of enforcing arbitration agreements, courts only have a limited role in reviewing arbitration awards as authorized under the FAA. *See Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir. 1990) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24 (1983)). Decker did not follow the proper procedure for challenging her arbitration award under the FAA, and therefore we affirm the district court's grant of Merrill Lynch's motion to dismiss for failure to state a claim upon which relief can be granted.[2]

---

an impermissible collateral attack on the award. Unlike the plaintiff in *Turner*, however, Decker could have raised her claims under the FAA.

[2] Because we conclude that Decker's claims are clearly prohibited under our reasoning in *Corey*, we need not address the district court's alternate holding that Decker's claims are barred under the doctrine of

Decker filed a timely notice of appeal of the district court's order. This appeal has been consolidated with Decker's appeal of the district court's judgment granting Merrill Lynch's motion to dismiss.

In sum, Decker now asks this court to reverse the district court's grant of Merrill Lynch's motion to dismiss, reverse the district court's denial of her motion for summary judgment regarding Merrill Lynch's liability, and remand for a determination of damages. In the alternative, Decker requests that we reverse the district court's grant of Merrill Lynch's motion to enjoin arbitration and allow Decker to pursue her second NASD claim.

## II. ANALYSIS

### A. Dismissal of Decker's Complaint

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997). "The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied*, 469 U.S. 826 (1984)).

The FAA states, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once an arbitration is conducted under a valid arbitration contract, the FAA "provides the exclusive remedy for challenging acts that taint an arbitration award." *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982). A party may file a petition to vacate an arbitration award where (1) "the award was procured by corruption, fraud, or

undue means"; (2) "there was evident partiality or corruption in the arbitrators, or either of them"; (3) "the arbitrators were guilty of . . . misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). In addition, a party may petition a federal court to modify or correct an award "[w]here there was an evident material miscalculation of figures or an evident material mistake" in description; "[w]here the arbitrators have awarded upon a matter not submitted to them"; or "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(a)-(c). An arbitrator's award will be binding on the parties unless they challenge the validity of the underlying contract to arbitrate under § 2 of the FAA or seek to vacate, modify, or correct the award under §§ 10 or 11. *See Corey*, 691 F.2d at 1212.

In this case, Decker does not challenge the validity of her contract to arbitrate with Merrill Lynch. Nor does she seek to vacate, modify, or correct the arbitration award. Instead, Decker makes several claims under contract and tort law that she argues constitute an independent action. In her first count, she alleges that Merrill Lynch's hiring of the chairperson of the arbitration panel constitutes tortious interference with their contract to have a fair and impartial arbitration of their dispute. Second, Decker claims that Merrill Lynch breached its obligations to her under their arbitration contract. In her third count, Decker argues that Merrill Lynch breached its contract with NASD to comply with NASD procedures and codes thereby harming Decker, the intended third-party beneficiary of the contract. Fourth, Decker alleges that Merrill Lynch breached its duty of good faith owed to her under their arbitration contract. Finally, in the alternative, she asserts a negligence claim, arguing that Merrill Lynch breached its general duty not to hire an arbitrator who was presiding over an arbitration involving Decker and Merrill Lynch, which resulted in harm to Decker. Because these claims do not directly challenge the arbitration

award, Decker asserts that they constitute a separate, independent action and do not fall under the scope of the FAA.

We have held that where a party files a complaint in federal court seeking damages for an alleged wrongdoing that compromised an arbitration award and caused the party injury, it "is no more, in substance, than an impermissible collateral attack on the award itself." *Corey*, 691 F.2d at 1211-12. In *Corey*, the plaintiff filed a complaint against the sponsor of an arbitration for improperly selecting a biased panel of arbitrators which had allegedly caused him prejudice. *See id.* at 1211. Although the plaintiff filed his suit against a different defendant than his original adversary in the arbitration and requested damages instead of vacatur or modification of the arbitration award, the court concluded that the suit was in effect a collateral attack on the award. The court reasoned that the selection of biased arbitrators in itself did not injure the plaintiff; it was the impact that the allegedly biased arbitrators had on his award that injured him. *See id.* at 1213. Because the FAA is the exclusive means of challenging an arbitration award, the court concluded that the plaintiff should have filed a motion for vacatur under § 10 of the Act, which allows review of an arbitration award where the arbitrators are alleged to have been biased. *See id.* Therefore, the court affirmed the district court's grant of summary judgment dismissing the plaintiff's claims.

Decker attempts to distinguish *Corey* by noting that her case involves a different allegation of wrongdoing and that the *Corey* court did not specifically hold that claims for tortious interference and breach of contract are impermissible collateral attacks on an arbitration award.[1] We do not find

---

[1] She also cites to a Florida state appellate court decision which allowed a plaintiff to bring a legal malpractice action against the lawyer who represented him in an arbitration proceeding. In *Turner v. Anderson*, 704 So.2d 748, 750 (Fla. Dist. Ct. App. 1998), the court concluded that the plaintiff could not have raised this claim to set aside the arbitration award under the FAA, and thus it is a separate, distinct claim rather than