**John Jay HOOKER, Plaintiff–Appellant,**

v.

**Riley ANDERSON; Paul Summers; Michael Moore; Knox Walkup; Brook Thompson; Pat Cottrell; Torry Johnson; Sarah Shepherd; Frank Drowota, Judge, Defendants–Appellees.**

No. 00–6581.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

John Jay Hooker, a Tennessee resident proceeding pro se, appeals a district court order dismissing his civil action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 26, 2000, Hooker filed a complaint against Riley Anderson, Chief Justice of the Tennessee Supreme Court; Frank Drowota, Associate Justice of the Tennessee Supreme Court; Paul G. Summers, Attorney General of Tennessee; Michael E. Moore, Deputy Attorney General of Tennessee; John Knox Walkup, former Tennessee Attorney General; Brook K. Thompson, Coordinator of Elections; Patricia J. Cottrell, Judge of the Tennessee Court of Appeals; Sarah Y. Shepherd, Chair of the Judicial Evaluation Commission; Torry Johnson, District Attorney General for the Twentieth Judicial District; and all Tennessee appellate judges who were elected in the 1998 judicial election. Hooker alleged that the Tennessee Retention Election Law, Tenn.Code Ann. § 17–4–101 to –201 (Lexis Publishing 2000), by which Tennessee appellate judges are elected, is unconstitutional because it deprives "the 'PEOPLE' of Tennessee of a Constitutionally elected Appellate Court system in violation of the XIV Amendment." Hooker also claimed that by virtue of the operation of the retention election law, he was deprived of the opportunity to run for election against an incumbent appellate judge in a contested election.

Hooker subsequently amended his complaint to allege that "Retention Elections deprive the Voter of due process and equal protection of the law due to the fact that said elections restrict the Voter and deny the Voter a 'choice' of candidates," violate his First Amendment right to participate in the election process, and violate his Fourteenth Amendment substantive and procedural due process rights to be a candidate for a state appellate judgeship.

Hooker sought declaratory and injunctive relief.

The defendants filed a motion to dismiss, to which Hooker responded. A magistrate judge filed a report recommending that the defendants' motion be granted. Over Hooker's objections, the district court granted the defendants' motion and dismissed the case. Hooker's Fed.R.Civ.P. 59(e) motion to amend judgment was subsequently denied. Hooker has filed a timely appeal.

We review de novo a district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

Upon review, we conclude that the district court properly dismissed Hooker's complaint for the reasons set forth in the Memorandum entered on October 16, 2000. Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.