**Charles L. HANCOCK, Plaintiff–Appellant,**

v.

**Robin R. ROSSWURM, Individually and as Auditor of Williams County, Defendant–Appellee.**

**No. 01–3152.**

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

## ORDER

Charles L. Hancock, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 371, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–134. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 26, 2000, Hancock filed a complaint against Robin R. Rosswurm, Auditor of Williams County, Ohio. Hancock alleged that he purchased a tract of land located in Williams County in 1963. Hancock subsequently obtained a permit to build mobile home lots on his property and began improving the land for that purpose. In 1991, following an automobile collision that allegedly left Hancock totally disabled, Hancock moved to Florida. In 1995, Hancock returned to Ohio to complete his mobile home park and renew a junk yard license that he had obtained in 1970.

Hancock alleged that he was told by township officials to construct a fence around his property so that his junk yard license could be renewed. Hancock constructed the fence and the Williams County Sheriff's Department and another township official allegedly inspected the fence and approved a junk yard license, which was issued on October 25, 1995. However, according to Hancock, "[f]rom July 1995, criminal trespasses, destruction of real property, mail fraud, fraudulent representation by Williams County officials a chain conspiracy to default out of the used [sic] of the land" occurred. In addition, Hancock alleged that Rosswurm acted "outside his jurisdiction and power of authority" to prevent him from using his land and subsequently renewing his junk yard license. Hancock sought monetary relief.

The district court dismissed Hancock's complaint for failure to state a claim upon which relief may be granted. Hancock has filed a timely appeal.

We review de novo a district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). Upon review, we conclude that the district court properly dismissed Hancock's complaint for failure to state a claim upon which relief may be granted. *See Decker*, 205 F.3d at 909. This case is Hancock's third appeal concerning the issues connected to his junkyard license. We hereby warn Hancock that further appeals or other filings in this court on these issues may subject him to the imposition of monetary and other sanctions. *See* Fed. R.App. P. 38.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.