**Paul L. WHEAT, Plaintiff–Appellant,**

v.

**State of OHIO; Katherine E. Pridemore; Hamilton County Clerk of Courts; City of Cincinnati; Ohio Public Defender; James R. Schimanski, Defendants–Appellees.**

No. 01–3399.

United States Court of Appeals, Sixth Circuit.

Nov. 7, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.[*]

Paul L. Wheat, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 19, 2000, Wheat filed a complaint against the state of Ohio; Katherine E. Pridemore, Assistant Ohio Attorney General; the Hamilton County, Ohio, Court of Common Pleas Clerk of Court; the City of Cincinnati, Ohio; the Ohio Public Defenders Commission; and attorney James R. Schimanski. In his difficult-to-decipher complaint, Wheat alleged that the defendants violated his constitutional rights during the proceedings surrounding his 1993 criminal convictions for rape and gross sexual imposition. Wheat alleged that on December 29, 1994, the Hamilton County Court Clerk mishandled and misfiled documents that he submitted for filing with respect to his criminal convictions. Wheat alleged that Schimanski violated his civil rights by conspiring with the other defendants to deprive him of his right to appeal his criminal convictions. Wheat claimed that he was not satisfied with Schimanski's representation and desired to be represented by an Ohio Public Defender.

The Ohio Public Defender filed a motion for summary judgment and the remaining defendants filed motions to dismiss. Wheat responded to the defendants' motions. A magistrate judge filed a report recommending that the defendants' motions be granted. Over Wheat's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Wheat's complaint. Wheat's motion for relief from judgment was subsequently denied. Wheat has filed a timely appeal. He requests oral argument and appointment of counsel in his reply brief.

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

This court reviews the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). This court also reviews de novo the district court's dismissal of a suit pursuant to Fed.R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906, 909 (6th Cir.2000).

 Upon review, we conclude that the district court properly granted the defendants' motions for summary judgment and dismissal. Claims which challenge the validity of a state conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the criminal conviction or sentence in state court "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Wheat's complaint is essentially a collateral attack upon his 1993 state criminal convictions for rape and gross sexual imposition. Yet, Wheat does not contend that his state convictions were reversed, overturned, or questioned by either an Ohio state court or federal habeas corpus decision. Thus, Wheat's complaint was properly dismissed by the district court. *See id.* at 487, 114 S.Ct. 2364.

 To the extent that Wheat's complaint can be read to assert civil rights violations, including a claim against the county clerk for mishandling documents, his claims are time-barred. For all § 1983 actions, federal courts apply the state personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The appropriate statute of limitations for personal injury actions arising in Ohio is two years. Ohio Rev.Code Ann. § 2305.10 (Anderson 2000); *Kuhnle Bros. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir.1997). Because Wheat's suit is based upon the defendants' conduct during his 1993 criminal trial and the county clerk's alleged mishandling of documents in 1994, the statute of limitations began to run in 1994, at the latest. Wheat's complaint was filed on April 19, 2000, well over two years after the alleged civil rights violations occurred. Therefore, Wheat's § 1983 claims are barred by the applicable two-year statute of limitations. *See Kuhnle Bros.*, 103 F.3d at 519.

 The district court properly determined that Wheat's allegations were insufficient to establish that Magistrate Judge Sherman was biased against Wheat. A magistrate judge must recuse himself from hearing and deciding any action where his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is based upon an objective, rather than a subjective, standard. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Wheat did not present any evidence to establish that Magistrate Judge Sherman's impartiality might reasonably be questioned. The fact that Magistrate Judge Sherman presided over Wheat's prior habeas corpus action, standing alone, is insufficient to establish partiality within the context of § 455. *See id.*

Accordingly, the requests for oral argument and appointment of counsel are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.