**Ralph ELLIS, Plaintiff–Appellant,**

v.

**BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant–Appellee.**

No. 01–5100.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Ralph Ellis, a pro se Tennessee resident, appeals a district court order dismissing his civil action filed pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Ellis sued the Burlington Northern and Santa Fe Railroad alleging that he was injured on the job with the company. The complaint was originally filed in state court and was subsequently removed by Burlington to the federal district court. Ellis alleged that he suffered an injury while working. During his recovery, Ellis states that he did not receive compensation. Rather, he was fired for violating company policy by not contacting the company's road master before seeking emergency medical treatment. Ellis contends that Burlington's actions constituted discrimination in violation of the FELA. The district court dismissed the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

In his timely appeal, Ellis argues that the removal of his complaint from state court to federal court was improper, that he stated a claim under the Tennessee Human Rights Act, and that the trial court should have allowed the parties to engage in more discovery prior to dismissing the case.

The district court's order is reviewed de novo. *See Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000).

Ellis contends that the district court did not have jurisdiction over his case as the action was improperly removed from state court. Under 28 U.S.C. § 1447(c), Ellis had thirty days to object to the removal of his case from state court. The record establishes that Ellis did not object to any procedural defect in the removal. There-

fore, his objections to the removal have been waived. *See* 28 U.S.C. § 1447(c); *Denman ex rel. Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir.1998).

Ellis also asserts that he stated a claim under the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–101 *et seq.* However, as the district court noted, Ellis's claims under both the FELA and the Human Rights Act are preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.*

The RLA was passed by Congress to provide for resolution of disputes arising under collective bargaining agreements. *Brotherhood of Locomotive Eng'rs v. Atchison, Topeka & Santa Fe Ry. Co.*, 768 F.2d 914, 920 (7th Cir.1985). The grievance procedure established by the statute is the mandatory and exclusive system for resolving grievance disputes. *Brotherhood of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.*, 373 U.S. 33, 38, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963). The RLA preempts any law or tort claim where the claim involves interpretation of the RLA. *See Brotherhood Ry. Carmen v. Missouri Pac. R.R. Co.*, 944 F.2d 1422, 1430 (8th Cir.1991). As Ellis's complaint involves his working conditions for Burlington, the complaint is subject to resolution under the RLA. *Id.* at 1426. As such, Ellis's claims under the FELA and the Human Rights Act are preempted by the RLA. *Id.* at 1430. Accordingly, the argument is without merit.

Finally, Ellis contends that the district court should have allowed more discovery before ruling on the case. However, the evidence presented to the court showed that Ellis had not complied with the requirements of the RLA. Thus, there was no need for the parties to engage in extensive discovery.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.