Cornell E. SQUIRES, Plaintiff–
Appellant,

v.

THE CITY OF DETROIT, et al.; Jo-
seph Glanton, Administrative Assis-
tant, et al., Defendants–Appellees.

No. 01–2408.

United States Court of Appeals,
Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE,
Circuit Judge; and SHARP, District
Judge.*

*ORDER*

Cornell E. Squires, a Michigan resident
proceeding pro se, appeals a district court
judgment dismissing his employment dis-
crimination action filed pursuant to the
Age Discrimination in Employment Act
("ADEA"), 29 U.S.C. §§ 621–634; the Re-
habilitation Act ("RA"), 29 U.S.C. §§ 701–
796f; the Employee Retirement Income
Security Act ("ERISA"), 29 U.S.C.
§§ 1001–1461; 42 U.S.C. § 1983; and the
Americans with Disabilities Act ("ADA"),
42 U.S.C. §§ 12101–12213. This case has
been referred to a panel of the court pur-
suant to Rule 34(j)(1), Rules of the Sixth
Circuit. Upon examination, this panel

* The Honorable G. Kendall Sharp, United
States District Judge for the Middle District of
Florida, sitting by designation.

unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Squires filed a complaint against the City of Detroit; the Detroit Fire Department; Charles Wilson, Detroit Fire Commissioner; James Bush, former Detroit Fire Commissioner; Freeman Hendrix, Deputy Mayor of Detroit; Calvin Gordon, Detroit Director of Risk Management; Joseph Glanton, Supervisor of the Detroit General Retirement System ("GRS"); Phyllis A. James, Chief Corporation Counsel of the Detroit Law Department; David Masson, Assistant Corporation Counsel of the Detroit Law Department; Rodney Allen, Administrative Captain of the Emergency Medical Services Division of the Detroit Fire Department; Niles Sexton, Assistant Administrator of the Detroit Fire Department; and Reginald O'Neal, D.O., Medical Director of the Detroit GRS. Squires contended that the defendants discriminated against him and violated his civil rights throughout his employment with the Detroit Fire Department.

Squires alleged that he was hired by the Detroit Fire Department on July 24, 1981, as an emergency medical technician. On October 26, 1993, Squires was suspended from his position for an unspecified period of time. Following his suspension, Squires was apparently placed on a medical leave of absence. Thereafter, Squires sought duty retirement benefits on several occasions, but his applications were denied. Squires also applied for long term disability benefits. Squires's request for long term disability benefits was approved four years after his application was filed, however, Squires contended that the amount of his disability benefits was inadequate. Squires alleged that he was constructively discharged from his position as an emergency medical technician on July 16, 1998.

The defendants filed motions to dismiss, to which Squires responded. Through several reports, a magistrate judge recommended that the defendants' motions be granted. Over Squires's objections, the district court accepted and adopted the magistrate judge's reports and recommendations and dismissed the case. Squires's motion for reconsideration was subsequently denied. Squires has filed a timely appeal. He also filed a motion for appointment of a master pursuant to Fed. R.App. P. 48. The defendants have filed responses to Squires's motion.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

Upon review, we conclude that the district court properly dismissed Squires's complaint for the reasons set forth in the judgment and orders accepting and adopting the magistrate judge's reports and recommendations filed on June 20, 2001, and August 28, 2001. Accordingly, the motion for appointment of a master is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.