**Vinod SHARMA, Plaintiff–Appellant,**

**v.**

**The CITY OF DETROIT,
Defendant–Appellee.**

No. 01–2462.

United States Court of Appeals,
Sixth Circuit.

May 15, 2002.

Before MARTIN, Chief Circuit Judge;
SILER and CLAY, Circuit Judges.

*ORDER*

Vinod Sharma, a Michigan resident proceeding pro se, appeals a district court judgment dismissing his employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2; 42 U.S.C. § 1981; the Equal Pay Act, 29 U.S.C. § 206(d); and the Thirteenth and Fourteenth Amendments to the United States Constitution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Sharma "and others" filed a complaint against the City of Detroit, Michigan ("City"), the plaintiffs' employer. The complaint alleged that the plaintiffs, who are apparently employed at the City's wastewater treatment plant, "were denied paid lunch time while other employees in the same classifications received paid lunch time." Specifically, the complaint alleged that employees who worked at the City's wastewater treatment

plant were required to work a total of eight and one-half hours per day, which included one-half hour of *unpaid* lunch time, while employees who worked at the downtown plant were only required to work a total of eight hours per day, which included one hour of *paid* lunch time. The complaint was signed by 63 individuals, including Sharma.

The City filed a motion to dismiss the complaint, to which the plaintiffs responded. The district court granted the City's motion and dismissed the complaint for failure to state a claim upon which relief may be granted. Sharma "and others" have purported to file a timely appeal, although the notice of appeal was signed only by Sharma. The parties request oral argument.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

Upon review, we conclude that the district court properly dismissed Sharma's complaint, as it failed to state a claim for relief under Title VII, § 1981, and the Equal Pay Act. The complaint failed to allege that the plaintiffs' unpaid lunch time is a result of discrimination on any of the bases described by Title VII, § 1981, and the Equal Pay Act inasmuch as the plaintiffs did not identify their race, color, religion, sex, or national origin in the complaint. The complaint simply alleged that employees who work at one location received paid lunch time while employees who work at another location did not receive paid lunch time. However, work location is not one of the prohibited grounds of discrimination identified in Title VII, § 1981, and the Equal Pay Act.

Although Sharma claims in his appellate brief that the plaintiffs were discriminated against because of their sex, his assertions still only allege discrimination based upon work location. Sharma's allegations clearly indicate that both men and women work at the wastewater treatment plant and the downtown plant and that the employees, both men and women, who work at the downtown location receive paid lunch time while those who work at the wastewater treatment plant do not. Sharma does not allege that all female employees are denied paid lunch time or that all male employees are denied paid lunch time. Thus, the allegations do not support a claim of employment discrimination based on sex.

Sharma does not challenge the district court's dismissal of the plaintiffs' claims based upon alleged violations of the Thirteenth and Fourteenth Amendments. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the requests for oral argument are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.