Penelope CRUMBAKER; David K. Henderson; Victoria C. Henderson; Lauren Sweeney, minor child; Madelyn Crumbaker, minor child, Plaintiffs–Appellants,

v.

MCLEAN COUNTY, KENTUCKY, a political subdivision; Pennyrile Narcotics Task Force, Inc.; McLean County District Court; McLean County Sheriff; Charles R. Ehlschide, Judge; Billy Quisenberry; Jeffrey Palmer; Charles Cobb; Ralph Vick, Defendants–Appellees.

No. 02–5110.

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District

Judge.[*]

Penelope Crumbaker, David K. Henderson, Victoria C. Henderson, Lauren Sweeney, and Madelyn Crumbaker, appeal a district court judgment dismissing their civil action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–34, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 22, 2001, Penelope Crumbaker; her parents, David K. and Victoria C. Henderson; and her minor children, Lauren Sweeney and Madelyn Crumbaker, filed a complaint against McLean County, Kentucky; the Pennyrile Narcotics Task Force; the McLean County District Court; the McLean County Sheriff's Office; McLean County District Court Judge Charles R. Ehlschide; McLean County Attorney Billy Quisenberry; McLean County Deputy Sheriffs Jeffrey Palmer and Charles Cobb; and Commonwealth Attorney Ralph Vick. The plaintiffs alleged that the defendants discriminated against Penelope Crumbaker because of her disability, in violation of the ADA and state law. Specifically, the plaintiffs alleged that Penelope is mentally ill and addicted to illegal drugs and that the defendants denied her medical treatment and failed to assist her in obtaining medical treatment for her conditions. As a result of Penelope's failure to obtain medical treatment, the plaintiffs alleged that they have suffered emotional distress. The plaintiffs did not indicate the type of relief sought.

The defendants filed motions to dismiss, to which the plaintiffs responded. The plaintiffs filed a motion for summary judg-ment, to which the defendants responded. The district court granted the defendants' motions to dismiss, denied the plaintiffs' motion for summary judgment as moot, declined to exercise jurisdiction over the plaintiffs' state law claim, and dismissed the case. The plaintiffs have filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A person addicted to illegal drugs is considered disabled within the meaning of the ADA if the drug addiction "substantially limits one or more of the major life activities" of that person. 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 35.104. The term "public entity" is defined, in relevant part, as "any State or local government." *See* 42 U.S.C. § 12131(1)(A).

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

786

Upon review, we conclude that the district court properly dismissed the plaintiffs' complaint for failure to state a claim upon which relief may be granted. First, Judge Ehlschide is entitled to judicial immunity from suit for monetary damages because he acted within the scope of his official duties as a judge and had jurisdictional authority to preside over the involuntary hospitalization proceedings involving Penelope Crumbaker. *See Mireles v. Waco,* 502 U.S. 9, 11–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Johnson v. Turner,* 125 F.3d 324, 333–34 (6th Cir.1997). The plaintiffs are not entitled to injunctive relief against Judge Ehlschide because they have not demonstrated an inadequate remedy at law or a serious risk of irreparable harm if injunctive relief is not granted. *See Pulliam v. Allen,* 466 U.S. 522, 537–38, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Second, because Quisenberry and Vick acted in their capacities as prosecutors when handling Penelope Crumbaker's involuntary hospitalization and criminal cases, respectively, they are entitled to prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ireland v. Tunis,* 113 F.3d 1435, 1445–47 (6th Cir.1997).

Third, while McLean County, the Pennyrile Narcotics Task Force, the McLean County District Court, and the McLean County Sheriff's Office are public entities, they are not subject to liability under the ADA inasmuch as there is no evidence that these defendants provide the services allegedly required by Penelope Crumbaker or have a duty to provide medical treatment or assistance in obtaining such treatment for persons, like Penelope Crumbaker, who are mentally ill or addicted to illegal drugs. Fourth, the plaintiffs may not maintain an action under the ADA against Palmer and Cobb in their individual capacities. *See Walker v. Snyder,* 213 F.3d 344, 346 (7th Cir.2000).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.