**Sharon HEATH, Plaintiff–Appellant,**

v.

**CABINET FOR FAMILIES AND CHILDREN, Commonwealth of Kentucky, Defendant–Appellee.**

No. 01–6363.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before KENNEDY and MOORE, Circuit Judges; DOWD, District Judge.*

*ORDER*

This pro se litigant appeals a district court judgment dismissing her employment discrimination complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sharon Heath sued her employer, the Cabinet for Families and Children, Commonwealth of Kentucky (Cabinet). Seeking unspecified monetary damages, Heath alleged discrimination under the Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e et seq. (Title VII). Although Heath claimed that the Cabinet wrongfully failed to employ her, that characterization of Heath's employment status is incorrect. Heath was hired by the Cabinet as a social worker, but she was not retained past her initial six-month probationary period. Moreover, Heath's complaint recited no facts that supported her claims. Rather, Heath merely alleged that she was ostracized by co-workers and not adequately trained for the position for which she was hired. She stated only that she observed that other trainees were "below 40" and that she is 47 years old. She contended that she suffered retaliation in her employment with the Cabinet for filing an Equal Employment Opportunity Commission (EEOC) complaint against Kentucky State Reformatory with regard to her previous employment, but offered no factual allegations that supported the supposition that the Cabinet had a retaliatory motive. The district court determined that Heath's allegations were insufficient to support her contention that she suffered age discrimination under the ADEA or retaliation for filing an EEOC complaint under either the ADEA or Title VII. The district court utilized the framework for establishing a prima facie case set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), by its application of *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *Jackson v. City of Columbus*, 194 F.3d 737,755 (6th Cir.1999). Accordingly, the district court dismissed the complaint pursuant to Fed. R.Civ.P. 12(b)(6) and certified that an appeal would be frivolous and not taken in good faith.

In her timely appeal, Heath essentially reasserts the claims set forth in the district court.

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

This court reviews de novo a district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord Decker*, 205 F.3d at 909.

Upon review, we conclude that in light of a intervening Supreme Court decision, the district court improperly dismissed the plaintiff's complaint for failure to state a claim upon which relief may be granted. An employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework. *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 996, 152 L.Ed.2d 1 (2002). The ordinary rules for assessing the sufficiency of a complaint apply. *Id.*

Accordingly, the district court's judgment is hereby vacated, and the case is remanded for further proceedings consistent with the Court's opinion in *Swierkiewicz* pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.