Thomas C. TOWNSEND, Jr.,
Plaintiff–Appellant,

v.

Judith EMRICK, et al., Defendants–
Appellees.

No. 02–3733.

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2003.

Before DAUGHTREY and COLE,
Circuit Judges; and SARGUS, District
Judge.*

*ORDER*

Thomas C. Townsend, Jr., proceeding pro se, appeals a district court order dis-

missing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 26, 2001, Townsend filed a complaint against Montville Township, Ohio, Zoning Inspector Judith Emrick; Medina County, Ohio, Common Pleas Court Judge Christopher J. Collier; Medina County, Ohio, Prosecutor Dean Holman; and Assistant Medina County Prosecutors William L. Thorne and James R. Bennett, II. Townsend alleged that in September 1997, the Montville Township, Ohio, Zoning Commission approved his property "for 'similar use' as the previous business entity" and that since that time he has attempted "to establish an appliance business within the Montville, Ohio, Township." Townsend alleged that on October 26, 1998, Emrick requested him to remove several appliances and automobiles from his property and on August 30, 1999, she "entered his property without his permission and without a warrant."

According to Townsend, the information obtained by Emrick on August 30, 1999, was used by Holman, Thorne, and Bennett as the basis for a civil suit against him in the Medina County Court of Common Pleas pursuant to which a preliminary and permanent injunction was sought. Townsend alleged that on September 13, 1999, Judge Collier issued a preliminary injunction which prohibited him from "the use of his real property to park his private automobiles and from storing appliances on the property," and on September 28, 1999, Judge Collier issued an order which required him to "allow Defendant Emrick to

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

enter his private property" without his permission or a warrant.

Relying upon the First, Fourth, Fifth, Seventh, and Ninth Amendments, Townsend alleged that the defendants deprived him of due process, conspired to violate his constitutional rights, denied him equal protection by selectively prosecuting him for zoning violations, and searched his property without his permission or a warrant. Townsend also alleged that Emrick and Judge Collier violated "the separation of powers doctrine" by "exceeding the scope of their authority" as a zoning inspector and judge, respectively. Townsend sought monetary relief.

Holman, Thorne, Bennett, and Judge Collier filed motions to dismiss the complaint, to which Townsend responded. Emrick filed a motion for summary judgment, which the district court construed as a motion to dismiss. Townsend did not respond to Emrick's motion. The district court granted the defendants' motions and dismissed the case. Townsend's motion for reconsideration was subsequently denied. Townsend filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

Upon review, we conclude that Townsend's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Townsend's allegations failed to state a procedural due process claim, *see Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir. 1991), a claim for conspiracy, *see Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir.1996), and a claim for denial of equal protection based upon his alleged selective prosecution for zoning violations. *See City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

Townsend's allegations also failed to state a Fourth Amendment claim based upon Emrick's alleged entry onto his property. Any entry onto Townsend's property after September 28, 1999, was with Townsend's permission pursuant to the terms of an Agreed Judgment Entry in the state court zoning violations case and any claims based upon the alleged entry onto his property before September 28, 1999, are time-barred. *See Kuhnle Bros. v. County of Geauga,* 103 F.3d 516, 519 (6th Cir.1997). Townsend's allegations failed to state a claim upon which relief may be granted against Emrick and Judge Collier for violation of "the separation of powers doctrine," as Townsend alleged no facts from which an inference could be drawn that Emrick and Judge Collier acted beyond the scope of their respective offices.

In his appellate brief, Townsend challenges the district court's denial of his motion for a temporary restraining order. However, an order ruling on a motion for a temporary restraining order is not appealable. *See Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–04, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.