Carla S. ENGLE, Plaintiff–Appellant,

v.

TENNESSEE DEPARTMENT OF CORRECTIONS, and its agents in their official and personal capacities; Donal Campbell, Commissioner; Jim Rose,

Asst. Commissioner; Wayne Douglas, Warden; Charles Simmons, Deputy Warden; H. Earline Guida, Warden; Charles Banks, Deputy Warden; G. Hutchinson, Officer, Defendants–Appellees.

No. 02–5970.

United States Court of Appeals, Sixth Circuit.

April 29, 2003.

862

Before CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

## ORDER

Carla S. Engle, proceeding pro se, appeals a district court order dismissing her civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Engle filed a complaint against the Tennessee Department of Corrections ("TDOC") and the following officials employed by the TDOC: Commissioner Donal Campbell, Assistant Commissioner Jim Rose, Warden Wayne Douglas, Warden H. Earline Guida, Deputy Warden Charles Simmons, Deputy Warden Charles Banks, and Officer Geralyn Hutchinson. Engle alleged that she was employed as a correctional officer at the Tennessee Prison for Women from March 1998 to January 1999. During her employment, Engle befriended inmate Karen Howell. Following the resignation of her employment with the TDOC, Engle began assisting TDOC in-

mates, including Howell, with legal research and other legal matters. In an effort to assist Howell, Engle enlisted the aid of inmate Crystal Sturgill, one of Howell's co-defendants. Engle subsequently became a certified paralegal.

Relying upon the First, Fifth, Sixth, and Fourteenth Amendments, Engle alleged that the defendants improperly restricted her visitation, written correspondence, and telephone communication with Howell, Sturgill, and other inmates, thereby denying her meaningful access to the courts, equal protection, due process, and the right to pursue her profession. Engle also alleged that the defendants retaliated against her because she exercised her constitutional right to criticize TDOC policies and security measures. In addition, Engle challenged the constitutionality of TDOC Policy Number 507.01 § VI(B)(6)(h), which prohibits former TDOC employees from visiting TDOC inmates unless certain conditions, not applicable to Engle, are present.

The defendants filed a motion to dismiss, to which Engle responded. The district court granted the defendants' motion and dismissed the case. The district court subsequently denied Engle's motion for reconsideration. Engle has filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

■ Upon review, we conclude that the district court properly dismissed Engle's complaint as it failed to state a claim upon which relief may be granted. First, Engle lacks standing to challenge the restrictions imposed by the TDOC upon visitation, written correspondence, and telephone communication because she did not allege any personal injury resulting from such restrictions, *see Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982), and she may not assert claims on behalf of Howell, Sturgill, or any other prisoner. *See id.* at 474; *Newsom v. Norris,* 888 F.2d 371, 381 (6th Cir.1989). Moreover, Engle may not assert a derivative claim for lack of access to the courts since she did not allege that Howell lacked reasonable alternatives to her assistance. *See Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir.1993).

■ Second, Engle cannot state a § 1983 due process claim predicated upon the TDOC's failure to follow its policies regarding non-contact visitation, telephone privileges, attorney access to inmates, and inmate mail because such TDOC policies do not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Third, Engle failed to allege the elements necessary to support a retaliation claim against the defendants as she failed to allege that the defendants' actions were sufficiently adverse so as to have a deterrent effect on future protected conduct. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

■ Fourth, the TDOC visitation policy at issue is not unconstitutional. The visitation policy does not run afoul of the Equal Protection Clause because it is rationally related to a legitimate penological objective, *see Walker v. Bain,* 257 F.3d 660, 667–68 (6th Cir.2001), does not deprive Engle of a property interest protected by the Due Process Clause because she has no legitimate claim of entitlement to visitation with TDOC inmates, *see Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and does not violate her Fourteenth Amendment right to pursue her profession as a paralegal because she is not entirely foreclosed from pursuing her career. *See Conn v. Gabbert,* 526 U.S. 286, 291–92, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); *Parate v. Isibor,* 868 F.2d 821, 831 (6th Cir.1989).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.