Raymond ENGLE, Plaintiff–Appellant,

v.

**OHIO DEPARTMENT OF REHABIL- ITATION AND CORRECTIONS,** Defendant–Appellee.

No. 02–3492.

United States Court of Appeals, Sixth Circuit.

March 7, 2003.

Before COLE, GILMAN, and BRIGHT,* Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## ORDER

Raymond Engle, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 16, 2001, Engle filed a complaint against the Ohio Department of Rehabilitation and Corrections ("ODRC"). Engle alleged that in October 1998, ODRC officials confiscated funds in his inmate trust fund account in order to satisfy court costs that he owed. Engle also alleged that ODRC officials miscalculated his sentence, causing an incorrect determination of his next parole eligibility date. On April 9, 2001, Engle filed an amended complaint. The amended complaint contained the same claims as asserted in the original complaint but purported to substitute Reginald Wilkinson, Director of the ODRC, in place of the ODRC as the defendant to his action. Engle sought monetary relief and "a restraining order" against the ODRC "to stop the illegal confiscation of his inmate trust fund and the illegal parole board hearing of June of 2002."

The ODRC filed motions to dismiss Engle's complaints, to which Engle responded. A magistrate judge filed a report recommending that the ODRC's motions to dismiss be granted. Engle did not file any objections. The district court subsequently adopted and affirmed the report and recommendation and dismissed the case. Engle filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord Decker*, 205 F.3d at 909.

Upon review, we conclude that Engle has waived his right to appeal. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation in order to preserve the right to appeal a subsequent judgment of the district court adopting that report. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio, 43023*, 174 F.3d 720, 725 (6th Cir.1999); *Callier v. Gray*, 167 F.3d 977, 979–80 (6th Cir.1999); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). Engle did not file any objections to the magistrate judge's report and recommendation despite being advised to do so. Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), no exceptional circumstances exist in this case.

Nevertheless, if we chose to review the disposition of Engle's claims in light of his alleged failure to receive the report and recommendation, no error would be found because Engle's claims fail to state a claim upon which relief may be granted. First, Engle's trust fund claim is time-barred. For all § 1983 actions, federal courts apply the state personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The appropriate statute of limitations for personal injury actions arising in Ohio is

two years. Ohio Rev.Code Ann. § 2305.10 (Anderson 2002); *Kuhnle Bros. v. County of Geauga,* 103 F.3d 516, 519 (6th Cir. 1997). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988).

Engle's trust fund claim is based upon the ODRC's alleged confiscation of funds in his inmate trust fund account in 1998. As Engle's claim accrued more than two years prior to his filing of the instant action on February 16, 2001, his complaint is barred by the applicable two-year statute of limitations. *See Kuhnle Bros.,* 103 F.3d at 519.

Second, Engle's parole eligibility claim is based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corrs. Corp. of Am.,* 102 F.3d 810, 817–18 (6th Cir.1996). In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). At a minimum, the plaintiff must demonstrate that a supervisory official condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct. *Id.*

Engle failed to allege that Wilkinson violated his constitutional rights or was either personally responsible for or knowingly acquiesced in any unconstitutional conduct. Liability under § 1983 cannot be imposed merely because of the supervisory position which this particular defendant held. *See id.* For these reasons, Engle's complaint failed to state a claim upon which relief could be granted and was properly dismissed by the district court.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.