**Michael D. COLVIN, Plaintiff–Appellant,**

v.

**Mary Ann SCHAUBLIN, et al., Defendants–Appellees.**

No. 01–3038.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Seeking declaratory, injunctive, and monetary relief, Colvin filed a complaint against Mary Ann Schaublin, Education/Library Administrator at the Allen Correctional Institution ("ACI"), where Colvin is incarcerated, and Elizabeth Osborne, Librarian (II) at ACI. Relying upon the First, Ninth, and Fourteenth Amendments, Colvin alleged that the defendants denied him access to the courts by enforcing a prison policy that restricts access to the prison law library to inmates who are on cell isolation. Colvin also alleged that Schaublin placed "incompetent and abusive law clerks" in the law library for their prison job detail in order to deny him access to the courts and that Osborne failed to ensure that he received the appropriate law library passes, which are required by inmates who desire to visit the law library while on cell isolation.

Colvin was placed on cell isolation from "late December 1998, through to June of 1999" as a result of minor rule violations. According to Colvin, he was only allowed four to five hours per week in the law library as a result of his placement on cell isolation. Due to his restricted access to the law library, Colvin alleged that he was prevented from filing a motion to reconsider the dismissal of his appeal from the denial of his motion for post-conviction relief.

The defendants filed a motion to dismiss, to which Colvin responded. Colvin filed a motion for judgment on the pleadings, to which the defendants responded. The district court granted the defendants' motion to dismiss, dismissed Colvin's motion for judgment on the pleadings as moot, and dismissed the case. Colvin has filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed.

Before MOORE and COLE, Circuit Judges; TARNOW, District Judge.*

Michael D. Colvin, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

Upon review, we conclude that the district court erred in dismissing Colvin's complaint for failure to state a claim for relief. While it is true that "restricted access to the law library is not per se denial of access to the courts," a prisoner seeking relief for nonfrivolous claims in the courts can bring an action where the restricted access is such that the prisoner can demonstrate an actual injury. *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985) quoting *Twyman v. Crisp,* 584 F.2d 352, 357 (10th Cir.1978). *See also Hadix v. Johnson,* 173 F.3d 958, 963 (1999)("a prisoner who does not show any prejudice fails to state a claim that prison officials denied him access to the courts.") A prison may only cause actual injury to a prisoner by restricting his access to the law library where it does so pursuant to a prison policy that is reasonably related to legitimate peniological interests. *See Lewis v. Casey,* 518 U.S. 343, 361, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("The district court made much of the fact that lockdown prisoners routinely experience delays in receiving legal materials or legal assistance, some as long as 16 days, but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury.")

Colvin alleges that he had a limited amount of time in which to file a motion to reconsider the dismissal of his post-conviction appeal. While he was in cell isolation, he was only permitted four to five hours of law library access to prepare this motion. As a result, his motion was untimely filed and subsequently dismissed. Given that Colvin was afforded very limited access to the law library in which to file a time-sensitive motion regarding his post-conviction appeal, and absent any showing that Colvin was restricted access because of a physical threat that he posed to his fellow inmates and prison guards, Colvin has established for the purposes of Fed.R.Civ.P. 12(b)(6) an actual injury as a result of restricted access to the law library.

Accordingly, the district court's judgment is reversed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.