Michael D. **COLVIN**, Plaintiff–
Appellant,

v.

Mary Ann **SCHAUBLIN**, et al.,
Defendants–Appellees.

No. 03–4368.

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2004.

Michael D. Colvin, Southern Ohio Correctional Facility, Lucasville, OH, pro se.

Scott M. Campbell, Office of the Attorney General Corrections Litigation Section, Columbus, OH, for Defendants–Appellees.

Before SUHRHEINRICH and CLAY, Circuit Judges; and NIXON, District

Judge.[*]

## ORDER

Michael D. Colvin, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Colvin filed a complaint against Mary Ann Schaublin, Education/Library Administrator at the Allen Correctional Institution (ACI), where Colvin is incarcerated, and Elizabeth Osborne, Librarian (II) at ACI. Relying upon the First, Ninth, and Fourteenth Amendments, Colvin alleged that the defendants denied him access to the courts by enforcing a prison policy that restricts access to the prison law library to inmates who are on cell isolation. Colvin also alleged that Schaublin placed "incompetent and abusive law clerks" in the law library for their prison job detail in order to deny him access to the courts and that Osborne failed to ensure that he received the appropriate law library passes, which are required by inmates who desire to visit the law library while on cell isolation.

The district court granted the defendants' motion to dismiss, dismissed Colvin's motion for judgment on the pleadings as moot, and dismissed the case. Colvin filed a timely appeal, and this court vacated the judgment and remanded the case to the district court for further proceedings. *Colvin v. Schaublin,* 31 Fed.Appx. 170 (6th Cir. Mar.7, 2002) (unpublished order).

The defendants filed a motion for summary judgment, and summary judgment for the defendants was entered in an order filed November 21, 2002. This appeal followed.

Upon consideration, we conclude that the summary judgment for the defendants must be affirmed, as Colvin failed to establish the existence of elements essential to his case, on which he bore the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In order to state a claim of denial of access to the courts, Colvin was required to show an actual injury to a non-frivolous legal proceeding arising from the defendants' alleged conduct. *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Although Colvin shows that his post-conviction claim was dismissed, he has not alleged that the defendants caused him actual injury. Colvin missed the January 15, 1999, deadline for correcting his appeal brief's appendix. Although he claims that he responded to the court's instructions and asked for more time to respond, there is no record that he did so. Colvin offers no proof that he did so other than his conclusory assertion, which is insufficient to defeat the defendants' well-supported motion for summary judgment. In any event, the state appellate court dismissed Colvin's appeal because it was untimely, not because the appeal brief was incomplete. Thus, Colvin lost nothing by his alleged inability to complete the appeal brief's appendix.

Colvin missed the March 11, 1999, deadline for filing the motion for reconsideration, even though he visited the library on March 4 and March 10, 1999. The record does not show whether this was the

---

[*] The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

maximum time available to Colvin during the 10-day period in which to file the motion for reconsideration, nor does it indicate whether Colvin requested additional library visits or attempted to request additional legal materials through the kite paging system. There is no evidence that the limited library access resulted in Colvin's inability to file this motion or to file a motion for an extension. There is also no evidence that he told either defendant that he was facing a court deadline of March 11, 1999.

The right of access to the courts prohibits prison officials from "actively interfering with inmates' attempts to prepare legal documents, or file them." *Lewis,* 518 U.S. at 350. In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendants are personally responsible for the alleged unconstitutional actions that caused his injury. *See Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Colvin's placement on cell isolation, not any actions of the defendants, caused his restricted access to the law library. There simply is no evidence that the defendants were personally involved in any deprivation Colvin may have suffered.

■ Even if it is assumed that the defendants did something to restrict Colvin's access to the library, summary judgment is still proper because Colvin's underlying claim, *i.e.,* a post-sentence motion to withdraw a guilty plea, was frivolous. *See Lewis,* 518 U.S. at 348–49, 353–55. In denying the motion to withdraw the guilty plea, the trial court found that Colvin did not meet his burden of "manifest injustice," that Colvin freely, knowingly, and intelligently entered his guilty plea, and that Colvin committed the offense for which he was sentenced.

■ Even if Colvin was actually injured in his pursuit of a nonfrivolous collateral appeal of his sentence, actual injury would be permissible if the prison regulation at issue was reasonably related to legitimate penological interests. *See Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Limiting prisoners' visits to the library while not limiting their access to library materials serves the valid penological interest of punishing prisoners for violating institutional rules while leaving them free to protect their legal interests. Thus, Colvin has failed to create a genuine issue of material fact as to whether the prison regulation failed to serve a legitimate penological interest.

■ Finally, even if Colvin did suffer a constitutional injury, the defendants are entitled to qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The unlawfulness of the defendants' actions would not have been apparent to them. The constitutional right of access to the courts was well established by 1999, when the events resulting in this case took place. Nevertheless, the defendants did not know about Colvin's March 11, 1999, court deadline. Colvin requested and received two library visits between March 1 and March 11, 1999, and Colvin did not request additional visits or request materials via porter. The defendants merely applied ACI's rules in granting Colvin's library requests. No reasonable jury could find that the defendants knew or should have known that their conduct violated, or even arguably violated, Colvin's constitutional rights. The defendants are, therefore, entitled to qualified immunity in their individual capacities.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.