■ PRIME CHARTER LTD., Respondent, v ZELDA KAPCHAN, Appellant. [731 NYS2d 734] —Judgment, Supreme Court, New York County (William Davis, J.), entered on or about January 12, 2001, granting the petition and permanently staying the second arbitration commenced by respondent against petitioner (Kapchan II), unanimously affirmed, without costs.

Respondent-appellant Kapchan commenced a National Association of Securities Dealers arbitration (Kapchan I) against petitioner, Prime Charter Ltd., seeking on various theories essentially to void a number of securities transactions executed by Prime Charter Ltd. on her behalf. During Kapchan I, appellant made a motion to amend her claim to include the allegation that one of the brokers was not properly registered. That motion was denied as untimely. Appellant then began a second arbitration (Kapchan II) to void the same transactions on this ground. Because Kapchan II is merely a preemptive collateral attack on any future award issued in Kapchan I, the court properly stayed Kapchan II (*see, Corey v New York Stock Exch.*, 691 F2d 1205, 1212-1213; *see also, Decker v Merrill Lynch, Pierce, Fenner & Smith*, 205 F3d 906). Appellant's reliance on *Mian v Donaldson, Lufkin & Jenrette Sec. Corp.* (7 F3d 1085) is misplaced, since the subsequent civil rights action in *Mian* was truly independent of the claims asserted in the original arbitration. Here, in Kapchan II, appellant challenges the very same securities transactions challenged in Kapchan I, simply on a new theory. Furthermore, the Kapchan II claim was raised and denied in Kapchan I, albeit on procedural grounds. If appellant wishes to challenge that determination, her exclusive remedy is to do so within Kapchan I in accordance with section 10 of the Federal Arbitration Act (*see, Corey v New York Stock Exch.*, 691 F2d 1205, *supra*; 9 USC § 10). Concur—Nardelli, J. P., Andrias, Lerner, Saxe and Marlow, JJ.