■ SCOTT C. GIBSON, Appellant, v SEABURY TRANSPORTATION ADVISOR LLC et al., Respondents. [936 NYS2d 539]—

The arbitration clause in the parties' agreement "evince[s] a 'clear and unmistakable' agreement to arbitrate arbitrability" (*see Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 46 [1997]; *Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's*, 66 AD3d 495, 496 [2009], *affd* 14 NY3d 850 [2010], *cert denied* 562 US —, 131 S Ct 463 [2010]). It provides that any "dispute, difference, controversy or claim arising in connection with or related or incidental to, or questions occurring under,

the provisions of this Agreement . . . [not resolved by mediation] . . . shall be submitted to JAMS/Endispute for binding arbitration before a sole arbitrator." The clause provides further that the arbitration shall be conducted under JAMS/Endispute's commercial rules. Rule 11 (c) of JAMS Comprehensive Arbitration Rules and Procedure provides that "[j]urisdictional and arbitrability disputes, including disputes over the . . . interpretation or scope of the agreement under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter."

Since it has yet to be determined whether plaintiff's claims against Seabury Transportation are arbitrable, it would be premature to sever and stay the claims against Seabury Aviation. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.