■ OPPENHEIMER & CO. INC., Appellant, v LOUIS PITCH et al., Respondents. [15 NYS3d 307]—

Order, Supreme Court, New York County (Eileen Bransten,

J.), entered November 25, 2014, which granted defendants' motion to compel arbitration, unanimously reversed, on the law, without costs, the motion to compel denied, and the matter remanded for further proceedings.

Plaintiff seeks a declaration that a pending arbitration, involving plaintiff's alleged failure to disclose to defendants certain documents during a prior arbitration, constitutes an unlawful collateral attack on the arbitration award in the first arbitration.

Even if the client agreement compelling arbitration of "all controversies" between the parties demonstrates a clear intent to leave questions of arbitrability to the arbitrators (see Gibson v Seabury Transp. Advisor LLC, 91 AD3d 465 [1st Dept 2012]), the question of whether a second arbitration proceeding is an impermissible collateral attack of an arbitration award in the first arbitration proceeding is not a question of arbitrability, but is a legal question to be determined by the court (see Howsam v Dean Witter Reynolds, Inc., 537 US 79, 83-84 [2002]; Prime Charter v Kapchan, 287 AD2d 419 [1st Dept 2001]). Accordingly, the motion court erred in granting the motion to compel arbitration without determining whether defendants' arbitration claim for sanctions based on plaintiff's alleged misconduct is an unlawful collateral attack on the award in the first arbitration. We find that is (see e.g. Decker v Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F3d 906, 910 [6th Cir 2000]), and that defendants must obtain an order vacating the award before their claim can be raised in arbitration (see CPLR 7511). We remand the matter for further consideration of defendants' alternative request for relief seeking to vacate the arbitration award, the merits of which the motion court did not address below. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.

---

Motion to file amicus curiae brief granted, and the brief deemed filed.