Kramer-Wilson Co., Inc. v National Gen. Mgt. Corp. (2023 NY Slip Op 00953)

Kramer-Wilson Co., Inc. v National Gen. Mgt. Corp.

2023 NY Slip Op 00953

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 655243/21 Appeal No. 17368 Case No. 2022-02414 

[*1]Kramer-Wilson Company, Inc., Plaintiff-Appellant,
v
National General Management Corp., Defendant-Respondent.

Chiesa Shahinian & Giantomasi PC, New York (Michael Cross of counsel), for appellant.
Freeborn & Peters LLP, New York (Sean Thomas Keely of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered February 4, 2022, which granted defendant's motion to dismiss, unanimously affirmed, with costs.
Plaintiff received an award in an arbitration against National General Holdings Corp., defendant's parent, and National General Holdings Corp., paid the award. Plaintiff later commenced a proceeding to modify the award, arguing that it was entitled to a larger award, but voluntarily discontinued that proceeding.
Plaintiff now alleges in this action that if defendant had not committed various torts, the amount of re-estimated statutory reserves, which was decided in the arbitration, would have affected the award. This allegation, however, constitutes an impermissible collateral attack on the arbitral award (see Oppenheimer & Co. Inc. v Pitch, 129 AD3d 621, 622 [1st Dept 2015]; see also Vinokur v Penny Lane Owners Corp., 269 AD2d 226, 226 [1st Dept 2000] ["A litigant's remedy for alleged fraud in the course of a legal proceeding lies exclusively in that lawsuit itself, . . . not a second plenary action collaterally attacking the judgment in the original action"] [internal quotation marks omitted]).
In light of our determination, we need not reach plaintiff's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023